## THE RUSSELL AND ALLISON DRAINAGE DISTRICT

*v.*

## A. J. BENSON *et al.*

*Filed at Mt. Vernon June 16, 1888.*

1. CONSTRUCTION OF STATUTES—*whether to be given a retrospective operation.* While the legislature has the power to pass statutes of a retroactive effect, yet, as a general rule, they are intended to operate *in futuro,* only, and a retrospective effect will not be given unless it clearly appears that such was the intention of the legislature, particularly if the rights of the public or of individuals may be injuriously affected thereby.

2. DRAINAGE LAW — *discharging lands from assessment—time within which to file petition.* Section 43 of the Drainage act of 1883 limited the filing of petitions for amending the assessment roll so as to discharge lands not subject to overflow, to one year after the confirmation of the assessment. By the act of 1885 this section was re-enacted, giving additional grounds of discharge, and providing that the petition "for the correction of any assessment heretofore made" should be filed within one year after the latter act should take effect: *Held,* that the act of 1885 applies only to that class of cases where the bar of the prior statute was yet incomplete when the later act took effect.

APPEAL from the County Court of Lawrence county; the Hon. M. F. HOSKINSON, Judge, presiding.

Messrs. HUFFMAN & GEE, for the appellant:

After a cause of action has been once barred, it can not be revived by statute or constitutional amendment. *Girdner* v. *Stephens,* 1 Heisk. 280; *Yancy* v. *Yancy,* 5 id. 353; 7 Wait's Actions and Defenses, 227.

A retrospective effect will not be given a statute, especially where injustice or inconvenience will result, unless it clearly appears that such was the intention of the legislature. And such intention must be manifested by clear and unequivocal expressions, and not be left to inference or conjecture. If there is any doubt as to the real design, the statute must be con-

strued to have a prospective effect, only. It is indeed a serious question whether the legislature possesses the constitutional power to enact laws of such character. *Marsh* v. *Chestnut,* 14 Ill. 223 ; *Hyman* v. *Bayne,* 83 id. 256.

But we insist, that if it was the intention of the legislature to give section 43 of the Laws of 1885, above referred to, a retroactive effect, it is unconstitutional and void, as impairing the obligation of contracts. Const. of U. S. art. 1, sec. 10 ; *Bush* v. *Shipman,* 4 Scam. 190.

The Russell and Allison drainage district is a private corporation. *Board of Directors* v. *Houston,* 71 Ill. 318.

Messrs. BELL & GREEN, and Mr. WILLIAM ROBINSON, for the appellees :

The power of the legislature, in a proper case, to pass a retrospective statute, can not be questioned ; and where the language is clear and unmistakable, the courts never hesitate to enforce the law as they find it. *Hyman* v. *Bayne,* 83 Ill. 256 ; *Marsh* v. *Chestnut,* 14 id. 223 ; *Thompson* v. *Alexander,* 11 id. 54.

Public corporations are at all times subject to legislative control. *Bush* v. *Shipman,* 4 Scam. 186 ; *Richland* v. *Lawrence,* 12 Ill. 1 ; 1 Dillon on Mun. Corp. sec. 30.

As the act of the legislature under which the Russell and Allison drainage district was incorporated, was not a contract, the argument of appellant's counsel, that section 43, as amended by the act of 1885, so as to apply to assessments made and confirmed before that act took effect, impairs the obligation of a contract, has no force. And as to the extent of legislative control, and the distinction between public and private corporations, see, also, the following cases : *People* v. *Wren,* 4 Scam. 273 ; *Coles* v. *Madison County,* Breese, 154 ; *Holliday* v. *People,* 5 Gilm. 216 ; *Gutzweller* v. *People,* 14 Ill. 142 ; *Trustees* v. *Tatman,* 13 id. 30.

Mr. Justice Shope delivered the opinion of the Court:

On July 23, 1883, a petition was presented to the county court of Lawrence county, praying for the formation of the Russell and Allison drainage district, for the purpose of levying, to protect certain lands from overflow from the Wabash river, as provided by the act of May 29, 1879. (Starr & Curtis, sec. 26, p. 919.) Such proceedings were had as that the district was organized, and commissioners appointed to construct the levee proposed. The assessment roll of said drainage district was duly presented to the county court for confirmation, on the 4th day of June, 1884, and on that day said assessment roll, as returned by the jury, after adjustment by the court of objections thereto filed, was confirmed by the court. It is not claimed that any of the proceedings up to and including the confirmation were illegal or irregular. On the 11th day of May, 1886, appellees filed their petitions in said county court, asking to be released from the assessments for benefits of certain of their lands described in the petition, for the reason that the same had been erroneously assessed for benefits, because the same were not subject to overflow, etc. Upon hearing of such petitions, the court entered its order of record, amending said assessment roll, and discharging from all assessments certain of appellees' lands in said order mentioned and described.

At the date of the organization of said district, and of the return and confirmation of the assessment roll thereof, the act of 1883, in force July 1, 1883, was in force. By the 43d section of that act it was provided that the owner of any tract of land within a drainage district might petition the county court for the release of his land from an assessment made or to be made, if such lands were not subject to overflow, or had not been overflowed; and on the hearing, on issue joined, if the court found that any part of the lands named in the petition had not been overflowed by the highest water known, from the stream against which the levee was being constructed, it

might enter an order of record amending the assessment roll
returned by the jury, in conformity with the facts by it found,
and discharging such lands from all assessments. But the sec-
tion contained this proviso: "That said petition shall be filed
within one year after the confirmation of the assessment, and
not thereafter." It is manifest, that as the assessment roll
had in this case been confirmed on June 4, 1884, the right
given to present such petition would, under this proviso, be
barred June 4, 1885. The legislature, however, by act approved
June 30, 1885, in force July 1, 1885, re-enacted the 43d sec-
tion of the act of 1883, with certain additional grounds for
petitioning for the discharge of lands in drainage districts from
assessment, and in which it was "provided that a petition for
the correction of any assessment heretofore made, shall be filed
in a year after this act shall take effect; and as to assessments
thereafter made, such petition shall be filed within one year
after the confirmation of the assessment: *And provided,* that
where said petition shall be for the correction of an assessment
heretofore made, the proceedings had thereon shall be at the
cost of the petitioner." It is contended, that by virtue of this
act the right of appellees to file their petitions in the county
court to release and discharge their lands from said assessment,
was revived, and the time in which they might present such
petitions extended one year from the 1st day of July, 1885,
when said last act took effect; that the language of the pro-
viso being, that a petition for the correction of any assessment
heretofore made shall be filed within a year after this act shall
take effect, is sufficiently broad and comprehensive to include
all assessments theretofore made, whether previously barred
or not, and that therefore the language must be construed as
removing the bar, which had become complete under the act
of 1883, before the act of 1885 came into force.

The right of the legislature to pass statutes of retroactive
effect has repeatedly been sustained. As a general rule, how-
ever, statutes are intended to operate *in futuro* only, and a

retrospective effect will not be given unless it clearly appears that such was the intention of the legislature, particularly if the rights of the public or of individuals may be injuriously affected thereby. (*Hymen* v. *Bayne*, 83 Ill. 256; *Thompson* v. *Alexander*, 11 id. 54; *Marsh* v. *Chestnut*, 14 id. 223; Dwarris on Stat. 163-9.) While it must be conceded that the language employed by the legislature is sufficiently broad to cover all previous assessments made at any time since the organization of drainage districts in this State, we are not prepared to hold that the proviso manifests a clear intention on the part of the legislature to include therein assessments other than those in respect of which the right of release from the assessment existed at the time of the taking effect of this act. Ample scope is found for the application of this provision of the statute to that class of cases where the bar of the prior statute was yet incomplete. To hold that the proviso in question is applicable to the case at bar, requires that such construction be put thereon as would make it applicable to the first, or any subsequent act, for the organization of drainage districts in this State. To do this would open wide the door to litigation, long since closed, and unsettle the various drainage districts organized in pursuance of law. The intention of the legislature that the questions arising under these acts should be speedily concluded, is evinced by the short period of limitation given by the several acts conferring the right upon the owners of land included within the assessment roll to open up the proceedings for the various purposes and reasons for which it is permitted to be done. This act of 1885 provides that all petitions to release lands from the assessment thereafter made, shall be filed within one year from the confirmation of such assessment. These drainage districts are authorized by law to incur indebtedness, and may, for specified purposes, issue bonds of the district, as was here done; and the public and individuals are interested in an early determination of the question as to what lands shall be embraced in the district,

and liable to assessment for the payment of its indebtedness, and of the principal and interest of its bonds. We are called upon to say, by the construction contended for, that drainage districts, whenever created, or how longsoever after the confirmation of the assessment upon which its indebtedness is predicated, may be dismembered, and that the most valuable portions, possibly, of the land embraced in its assessment roll, be discharged from liability, although its indebtedness may have been incurred after the bar of the statute then in force had become perfect. This we are called upon to do in construing the general language employed in this proviso.

We are of opinion that it is clearly manifest, from the legislation under consideration, that the paragraph of the proviso relied upon by appellees as extending their right of petition to the county court for release of their lands from the assessment roll, was intended to apply only in cases where the time prescribed by the prior statute had not fully run when the present statute under consideration went into force, thereby saving the right given by the former statute, and extending the time for one year from the time of taking effect of the present statute. No reason existed for the extension of the time within which to file a petition in respect to an assessment theretofore confirmed, that did not exist in respect of assessments to be confirmed thereafter, except, that as to assessments theretofore made within less than one year before the taking effect of the act of 1885, a question might have arisen as to the right to file the petition after the last named act should be in force; and also to provide that the full period of one year after the taking effect of the act of 1885 should be allowed, in respect of all assessments to which the right of petition then existed, in which the land owner might avail of the additional grounds upon which such petitions might be filed, as provided in the latter act. It was in view of the additional reasons or grounds upon which such petition and right of release could be based, that it was provided that where said petition should relate to an

assessment theretofore made, the proceeding should be at petitioners' costs. This construction is the only one consistent with the policy indicated in the several acts of the legislature respecting the organization of drainage districts, or reasonable, when considered in view of the general purpose and object of the law.

The views here expressed will render unnecessary the discussion of any other of the questions presented by counsel.

The order and judgment of the county court of Lawrence county, entered upon said petitions of appellees, are reversed, and the cause remanded to that court with instructions to dismiss said petitions, at petitioners' costs.

*Judgment reversed.*