VALERIA W. FISHER ET AL.

v.

HETTY H. R. GREEN ET AL.

*Trust Deeds—Power of Sale—Death of Owner of Equity of Redemption—Construction of Statute.*

The statute forbidding a sale of property to be made under power of sale contained in a mortgage or trust deed where the owner of the equity of redemption of the premises covered by the mortgage or deed had died before such sale, is not retroactive so as to nullify provisions of a deed which were legal at the time the deed was executed and delivered.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. CONSIDER H. WILLETT, for appellants.

Messrs. BISBEE & KERN, for appellees.

MORAN, J. In March, 1872, George W. Miller, who was the owner of certain real estate particularly described in appellants' bill filed in this case, executed a trust deed conveying said real estate to Benjamin E. Gallup, to secure the payment of said Miller's note to Hetty R. Green, for the sum of $7,000, with interest thereon in five years from the date of said note. In March, 1873, one Charles C. Fisher purchased the north half of said described real estate from said Miller, subject to one-half said incumbrance, which said Fisher assumed and agreed to pay as part of the purchase money. In 1874 Fisher subdivided his portion of the property into ninety-six lots, and conveyed to one Snow twenty-four of them. The remaining seventy-two lots he conveyed to said Miller by quit-claim deed in 1876, and it is alleged in the bill filed herein that said conveyance was in fact a mortgage to secure indebtedness due from Fisher to Miller. Fisher died January, 11, 1878, leaving him surviving his widow, Valeria W., and the other appellants, his children and only heirs at law.

July 10, 1878, Mrs. Green had the trust deed securing the notes to her foreclosed by a sale of the property, by the trustee under the power of sale contained in the said trust deed, after due advertisement, and after notice had been given both to her and the trustee that Fisher was dead, and that at his death he was the owner of the equity of redemption in the

property and that appellants were his heirs. At the sale by the trustee the property was bought in for Mrs. Green for $3,500.

The bill now filed by appellants seeks to disregard the foreclosure and sale made by the trustee under the power and to redeem said land from the lien of said trust deed. Appellants' right to so redeem is based upon the statute which forbids a sale of property to be made by virtue of any power of sale contained in a mortgage or trust deed where the owner of the equity of redemption of the premises covered by the mortgage or trust deed had died before such sale. The statute relating to sales under mortgages and trust deeds in force when the trust deed in question in this case was executed provided that, " in case of the death of the grantor in any mortgage or trust deed given for the security of money, no sale shall be made by virtue of any power of sale contained in such mortgage or trust deed, or given in relation thereto, but the same may be foreclosed in the same manner as mortgages not containing power of sale may now be foreclosed at law or in chancery."

In 1874 the statute under which appellants claim the right of redemption in this case was enacted, and was in force when the sale of this property was made, July 10, 1878. Said statute provides: " In case of the death of the grantor in any mortgage or trust deed in the nature of a mortgage, such grantor being at the time of his decease the owner of the equity of redemption of the premises so granted, or in case of the death of any person holding the equity of redemption of any premises mortgaged or conveyed in trust as a security for money, no sale shall be made by virtue of any power of sale contained in such mortgage or trust deed, or given in relation thereto; but the same may be foreclosed in the same manner, " etc.

The question presented is whether the said statute of 1874 can affect rights which were vested and had taken effect before such statute became operative as law. Will such a statute be construed so as to have a retroactive or retrospective effect to nullify provisions in a mortgage which were

legal at the time the mortgage was executed and delivered, and which, like all other terms of the instrument, are to be regarded as considerations operating between the parties to the transaction? When this trust deed was executed it gave the right to the holder of the notes which it secured to foreclose the said trust deed under the power of sale contained therein, unless before said sale the grantor in the deed should have died. If there had been a default which authorized a foreclosure of the trust deed at any time before the passage of the act of 1874, the right of the then owner of the equity of redemption, whoever he might be, would have been foreclosed by such sale provided the grantor in the trust deed was living at the time of such sale.

The conditions under which the sale could be made at the time the trust deed was delivered, formed a part of the obligation of the contract between the mortgagor and the mortgagee. These conditions and obligations can not be altered or affected by a subsequent statute without impairing the obligation of the contract. A statute which in terms forbade the foreclosure of a mortgage under a power of sale which was valid when the mortgage was executed and delivered, or which created rights of redemption in persons who had no such rights as against the mortgagor under the law as it existed when the mortgage was made, would be void as violating the Constitution of the United States. This has been repeatedly decided by the U. S. Supreme Court. Bronson v. Kinzie, 1 How. 316; Howard v. Bugbee, 24 How. 461; Edwards v. Kearzey, 96 U. S. 607. The fact that the construction contended for would render the statute invalid is a strong reason for not giving it such meaning.

Without regard to that view, however, the rules regulating the construction of statutes forbid giving them retroactive operation unless the intention of the legislature that they shall so operate is manifested by clear and unequivocal expressions. It was said by the Supreme Court of this State as early as 1828, in Jones' administrators v. Bond, Breese, 287, that it is "a general rule that all statutes shall operate prospectively only, and courts never give them a retrospective operation,

unless the legislature use such language as to leave no doubt that such was their intention, and enlightened courts have ever disputed the power of the legislature to pass retrospective laws which take away vested rights." In Garrett v. Wiggins, 1 Scam. 335, it is said: "Without the clearly expressed intention of the legislature, courts will not give to a law a retrospective operation, even where they might do so without a violation of the paramount law of the constitution."

The rule thus early announced by the Supreme Court of this State has been frequently repeated and never departed from. Robinson v. Rowan, 2 Scam. 499; Thompson v. Alexander, 11 Ill. 54; Matthias v. Cook, 31 Ill. 83; In re Fuller, 79 Ill. 49; Hatcher v. Railway Co., 62 Ill. 477; Dobbins v. First Nat. Bank, 112 Ill. 553; Means v. Harrison, 114 Ill. 248; Drainage District v. Benson, 125 Ill. 490.

The statute under consideration can therefore operate only on mortgages and trust deeds executed after it became a law. No language contained in the act will warrant such a construction as would allow it the effect contended for by appellants, nor would such a construction serve the purpose of justice. The sale under the power in the trust deed operated to cut off all right, title and equity of redemption which appellants, or either of them, had in the land covered by the mortgage at the date of said sale, and appellants are without standing to maintain this bill.

The decree of the Circuit Court will therefore be affirmed.

*Decree affirmed.*