(No. 14047.—Judgment affirmed.)

HENRY WESSLER, Defendant in Error, *vs.* THE MUD CREEK DRAINAGE DISTRICT, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. DRAINAGE—*when land owner may petition to have his assessment reduced under section 43 of Levee act.* Where the improvement in a levee drainage district consists in the construction of a channel with levees on each side to prevent the waters of a certain creek from overflowing the lands of the district, and includes the construction of certain tile drains, a land owner whose land is not subject to overflow from the creek may file a petition, under section 43 of the Levee Drainage act, to be relieved of the assessment against his land for the cost of said channel and levees, where the petition does not ask for relief as to the assessment for the other improvements. (*Freesen* v. *Scott County Drainage District,* 283 Ill. 536, distinguished.)

2. SAME—*section 43 of Levee act is not invalid in not providing for notice to other land owners of petition to abate assessment.* Section 43 of the Levee Drainage act, providing for a hearing on a petition of a land owner to abate an assessment against his lands which are not subject to overflow, is not invalid in not providing for notice to other land owners as well as to the drainage commissioners, as the commissioners represent the land owners to the same extent as when a writ of error is prosecuted by one land owner from a judgment of confirmation without making the others parties defendant or giving them notice, and no land owner has any vested interest in the assessment made against the land of another.

3. SAME—*petition under section 43 of Levee act is not a collateral attack on judgment of confirmation.* A petition under section 43 of the Levee Drainage act to have lands which are not subject to overflow relieved of an assessment is not a collateral attack on the judgment of confirmation of the assessment; and the judgment is not *res judicata,* as the statute authorizes the filing of the petition in the same court within a year after the assessment has been confirmed and confers authority on the court to hear and act upon the petition.

THOMPSON, J., dissenting.

WRIT OF ERROR to the County Court of Cass county; the Hon. C. A. E. MARTIN, Judge, presiding.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR., JAMES CRAIG VANMETER, and FRED H. KELLY, for plaintiff in error.

THOMAS WORTHINGTON, JOHN J. REEVE, HUGH P. GREEN, and MORRIS WORTHINGTON, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Mud Creek Drainage District was organized under the Levee act in 1899. The lands in the district embrace considerable area and lie partly in Morgan county and partly in Cass county. The district is approximately three times as long east and west as it is wide north and south. Indian creek flows northwesterly along the northeast boundary to and past the northwest corner of the district. Mud creek enters the district near the southeast corner and flows northwesterly, emptying into Indian creek at the northwest corner of the district. The improvement made when the district was organized was at a cost of $13,464.25, which was assessed against the lands. The improvement consisted of straightening, widening and deepening Mud creek, constructing levees on the south side of and parallel with Indian creek to prevent its overflowing, constructing an open lateral ditch known as the Naylor lateral, and a line of tile drain known as the Teucke main tile. In July, 1920, the

commissioners filed a petition in the county court of Cass county, in which they averred Mud creek (the main open ditch) had become partially filled by sediment, and the waters from the hills southeast of the district more and more flowed in a northerly direction from the source of the main open ditch into Indian creek, and they represented that there was need of additional drains and ditches for protection and to provide adequate drainage. The commissioners recommended that a channel, known as the Zahn channel, be constructed, with levees on each side of it, from the southeast corner of the district north to Indian creek; that the Naylor lateral be cleaned out and a new tile drain constructed from the main ditch, to be known as the Teucke main tile, and a lateral tile drain be constructed from the Teucke main tile, to be designated as Tile Lateral No. 1. The estimated cost of the new improvement was $75,200, and the commissioners prayed authority of the court to make it. A hearing was had on the petition in August, 1920, and an order entered directing the work to be done and a supplemental assessment levied. The commissioners filed an assessment roll in October, 1920, and the defendant in error, Wessler, filed objections to its confirmation. A hearing was had before a jury on the objections and a verdict returned confirming the assessment as made by the commissioners, upon which verdict the court rendered judgment of confirmation. Defendant in error prayed an appeal but never perfected it. In December, 1920, he filed in the county court a petition under section 43 of the Levee act, alleging an assessment had been levied upon his lands and others for the construction of the Zahn drainage channel and high levees on each side of it, for the purpose of conducting the waters of Mud creek into Indian creek to protect the lands in the district from overflow by the waters of Mud creek. The petition alleged that two of his tracts of land in the district were not subject to overflow and have never been overflowed by the highest waters known from Mud creek,

and that another tract owned by him had never been known to overflow by waters from Mud creek except a swale in the south part of it, not exceeding four acres. The petition alleged no part of the assessment was for sanitary benefits and no bonds had been issued by the district which were a lien on the assessment. The drainage commissioners filed numerous objections to the petition, a hearing was had and a judgment entered abating $833.01 of the assessment against tracts 1 and 2. This writ of error is sued out by the commissioners to review that judgment.

The lands of the defendant in error as to which relief was asked are known in the record as tracts 1, 2 and 3, no two of which are in the same section. Tract 1 contains 39.8 acres; tract 2 contains 26 acres, and tract 3 contains 78.79 acres,—all of them lying in the district. The assessment against tract 1 was $1410.84, against tract 2 $696.97, and against tract 3 $2732.64.

Plaintiff in error contends section 43 of the Levee act (Hurd's Stat. 1917, p. 1102,) has no application to this case; that said section is unconstitutional, and that the assessment having been confirmed is *res judicata.*

Section 43 is as follows: "Whenever a petition shall be presented to said court by the owner of any tract of land within said district, setting forth that the same, or any part thereof, has been erroneously assessed for benefits, for the reason that the same is not subject to overflow, or has never been overflowed by the highest water known, or that the assessment is too high, and that no bonds have been issued by the district which are a lien on said assessments, and praying that the said lands, in whole or in part, may be released from the assessment made or to be made in the future, the court may, after ten days' notice of the filing of such petition being given to the commissioners, at any term of court, probate or common law, proceed to hear said application, granting such continuance as may be right and proper; and if the court shall find, upon issue joined, that any part

300—23

of the land named in said petition is not subject to overflow, or has never been overflowed by the highest water known from the stream against which the levee in question has been constructed or that the assessment is too high, may, by order to be entered of record, unless it appears to the court that the assessment on the whole tract is no more than the proportion that the land subject to overflow (if said land or any part thereof is subject to overflow) in said tract is benefited, and should pay toward constructing and maintaining the levee, or that the assessment on the tract is no more than the proportion of sanitary benefits received by the whole tract, and no more than the whole tract should pay for sanitary benefits toward constructing and maintaining the levee, and [amend] the assessment roll returned by the jury in conformity to the facts found, and such part shall thereafter be discharged from all other assessments, and the clerk shall immediately cause a copy of such order to be delivered to the commissioners that the copy of the assessment roll in their hands may be made to conform to such order: *Provided,* that a petition for the correction of any assessment heretofore made, shall be filed within a year after this act shall take effect, and as to assessments thereafter made, such petition shall be filed within one year after the confirmation of the assessment: *And provided,* that where such petition shall be for the correction of an assessment heretofore made, the proceedings had thereon shall be at the cost of the petitioner: *And provided further,* that this section shall not apply to districts organized for the purpose of establishing a combined system of drainage independent of levees."

The proof shows that the construction of the Zahn channel and levees was to divert the waters from Mud creek at the southeast corner of the district by a shorter route into Indian creek, which was the outlet of Mud creek at the northwest corner of the district, and thereby prevent overflow by the waters from Mud creek. The petition alleges

that defendant in error's lands, tracts 1, 2 and 3, except about four acres in tract 3, are not subject to overflow by the waters of Mud creek and have never been overflowed by the highest waters known, and it is the contention of defendant in error that they are not liable to be assessed for benefits for that improvement and that he is entitled to relief under section 43. Plaintiff in error insists that section applies, if constitutional, only where a levee is the principal work of the district.

The levees on each side of the channel were an essential and necessary part of the improvement to prevent waters passing through the channel from overflowing. The length of the channel is 4648 feet, its bottom width 16 feet, with a levee on each side, the "toe" of each levee being fifteen feet from the outside edge of the channel, and its cost was $21,032.10, or nearly one-third of the total assessment for all the improvements made. By means of the channel and levees the commissioners could abandon the work and expense of keeping in repair approximately a fourth of a mile of Mud creek at the southeast corner of the district by diverting the water through the channel. The great weight of the proof is that the lands of defendant in error were never known to be overflowed by the waters of Mud creek, and that being true, they could not have been benefited by the improvement to prevent its overflow. The nearest point of defendant in error's lands to Mud creek is at the south end of tract 3, which is a fourth of a mile from the creek. Tracts 1 and 2 are three-fourths of a mile from the creek. The north end of tract 2 touches Indian creek, and the north end of tract 1 is near the same creek. The proof warrants the conclusion that the Zahn channel and levees were not constructed to prevent Mud creek overflowing defendant in error's lands, and in our opinion the provisions of section 43 are applicable.

We do not think any valid reason has been given or can be given why the provision of section 43 here involved

is unconstitutional. It was passed in 1879 and as amended in 1885 has been a part of the Levee act since its passage. Counsel say this section of the statute has never been passed on or construed by this court. That section was before the court in *Russell and Allison Drainage District* v. *Benson,* 125 Ill. 490, but the question there was whether the section as amended in 1885 extended the time for filing the petition in cases where the time had expired before the amendment to one year after the statute was amended. The court held the amended statute applied only to cases where the bar of the former statute was incomplete. No question was suggested as to its validity.

Several reasons are given by counsel why they claim the statute is unconstitutional, but the principal argument is that it provides for abating an assessment which has been made by a jury and confirmed by the court; that all the land owners in the district are interested and no provision is made for notice to the land owners of the hearing on a petition filed to abate the assessment. It is argued if the assessment is abated a shortage will be created in the funds of the district and a new assessment will have to be made. In a sense it is true every land owner is interested in the entire assessment, but no land owner has any vested interest in the assessment made against the land of another. The commissioners represent the land owners. A writ of error may be prosecuted from a judgment of confirmation by any individual land owner without making the other land owners defendants or giving them notice. The commissioners represent them, and the court may set aside the assessment as to the complaining land owner.

It is also contended that the statute is unconstitutional because it provides that if the court finds in favor of the petitioner, the land "shall thereafter be discharged from all other assessments." The plain meaning of that provision seems to us to be that the land shall thereafter be discharged from further assessments for an improvement to prevent its

overflow when it is not and never has been subject to overflow. The district was fully protected in this respect by the order and judgment of the court.

Plaintiff in error insists the improvements must be considered as a whole; that they were not made for the sole purpose of preventing overflow from Mud creek, and the separate improvements cannot be considered for the purpose of determining whether some one of the improvements benefited some particular tract of land, and relies on *Freesen* v. *Scott County Drainage District,* 283 Ill. 536. That was a writ of error to review a judgment confirming a supplemental assessment. One of the errors assigned was that the court erred in refusing to submit to the jury special interrogatories whether certain parts of the district needed more minute drainage, and whether the proposed ditches mentioned would be a benefit to any particular part of the land except that part where the ditch was located. This court held the improvement was to be considered as a whole, and not as to whether some part of the improvement or one of the proposed ditches would benefit some particular tract of land. We do not regard that case as having any application here.

It is further insisted the verdict of the jury and judgment of confirmation are *res judicata* and that this is a collateral attack. In the absence of a provision of a statute like section 43 this would be true. The statute authorizes the filing of the petition within one year after the assessment has been confirmed, in the same court that confirmed the assessment, and confers authority on the court to hear and act upon it. We know of no constitutional or other valid objection to the legislature enacting the statute.

The petition of the defendant in error did not refer to any improvement except the Zahn channel and levees constructed to prevent overflow from Mud creek, and alleged his lands described had been erroneously assessed for benefits for the reason that they were not subject to overflow.

He did allege in his petition the amount of the assessment against his lands for that and the other improvements, and prayed that tracts 1 and 2 be released "from the assessments above specified," and that tract 3 be released except as to four acres on the south side, which are subject to overflow by Mud creek in times of high water. As we construe and understand the petition, its object and purpose were to relieve defendant in error's lands from the assessment to prevent overflow from Mud creek and not to relieve them from the assessment for the other improvements made. The entire assessment on all the lands of the district was $75,200, and a little more than ten per cent of that amount was assessed against the lands of defendant in error. The cost of the Zahn channel and levees was $21,032.10, or a little less than one-third of the total assessment. The judgment of the county court abated the assessment on tract 1 to $1054.68, on tract 2 to $220.12, and refused to abate it as to tract 3, a small part of which petitioner admitted was subject to overflow. The total amount abated was $833.01,—approximately one per cent of the entire assessment. This was an adjudication that the lands of the petitioner were benefited by the improvements to the extent the assessment was approved, independent of the channel and levees constructed to prevent overflow from Mud creek. Plaintiff in error does not contend the amount abated was too large if the petitioner was entitled to any relief. We are of opinion that under the law and the evidence he was entitled to some relief on the grounds prayed in the petition.

The judgment is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting:

It is my opinion that the judgment in this cause can not be sustained for two very substantial reasons: The

petition does not ask for the relief granted, and section 43 has no application to a situation like the one presented by the improvement in question.

The petition alleges that tracts 1 and 2 are not subject to overflow and have never been overflowed by the waters of Mud creek by the highest waters known, and prays that the tracts be entirely released from assessments. It further alleges that tract 3 is not subject to overflow and has never been overflowed by the waters of Mud creek by the highest waters known, except as to four acres, and prays that this tract should be released in the proportion that the total number of acres in the tract bears to said four acres. The petition contains no allegation that the assessments are too high and does not ask that the assessments be reduced. The petition proceeds upon the theory that the lands of defendant in error, except the four acres, are not subject to overflow from Mud creek, and the evidence produced at the hearing was produced on the same theory. Section 43 provides that the court may abate the assessment where it finds that the lands are not subject to overflow or have never been overflowed by the highest waters known from the stream against which the levee in question has been constructed. The court did not find that a fractional part of tracts 1 and 2 was not subject to overflow, but, without making a finding in accordance with the prayer of the petition, the court entered a judgment reducing the assessment against these tracts, as stated in the opinion of this court. The court refused to reduce or abate the assessment on tract 3. It seems clear to me that under the pleadings in this case defendant in error, if entitled to relief at all, was entitled to have the entire assessment abated on tracts 1 and 2 and to have the assessment abated on tract 3 except as to the four acres subject to overflow from Mud creek. Section 43 does not contemplate a reassessment of the lands. If defendant in error was not satisfied with the judgment entered on the verdict confirm-

ing the assessment as made by the commissioners his remedy was by appeal or writ of error.

The proposed improvement in this district is not for the sole purpose of protecting by levee the lands of the district from overflow but the improvement contemplates the internal drainage of the district. The evidence shows conclusively that the lands of defendant in error will be benefited by the proposed improvement, and defendant in error admits that most of his lands will be benefited but claims that the benefit is small, and that he will receive no benefit at all from the construction of the Zahn drainage channel and the cleaning out of Mud creek. In order to make the improvement a success and to make that part of the improvement which will benefit the lands of defendant in error efficient the commissioners determined that it was necessary to construct the Zahn drainage channel. This channel relieves Mud creek of the large amount of water which, without it, would enter the district at the southeast corner and leave the district through Mud creek at the northwest corner. By relieving Mud creek of this burden it is able to handle efficiently the internal drainage of the district. It seems quite clear, therefore, that the separate parts of this drainage system cannot be considered in determining the benefit derived by the lands of the defendant in error, but that the improvement, and the effect thereof as to benefits, must be considered as a whole. When considered as a whole the proposed improvement is a benefit to the lands of defendant in error and the dispute is merely with reference to the amount of benefits that should be assessed against his lands. He has had his day in court on that issue, and if it was not properly decided his remedy was by appeal or writ of error and not by a petition under section 43.