(No. 21227.—

SEBA J. AKKER *et al.* Plaintiffs in Error, *vs.* THE CAT TAIL DRAINAGE DISTRICT, Defendant in Error.

*Opinion filed June 24, 1932—Rehearing denied October 5, 1932.*

JONES, J., dissenting.

A. M. BLODGETT, and FRANK J. BOWMAN, for plaintiffs in error.

CHARLES C. McMAHON, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error Seba J. Akker on August 17, 1931, and plaintiffs in error John S. Ferris and Birdie X. Frye on August 28, 1931, filed separate petitions in the county court of Whiteside county under section 43 of the Levee Drainage act praying for the abatement of assessments levied against their lands for drainage purposes on the petition of the Cat Tail Drainage District, defendant in error. Motions were filed by defendant in error to strike the petitions from the files of the court. By agreement the cases were consolidated, and after a hearing the court allowed the motions of the drainage district, ordered the petitions stricken from the files of the court and entered judgment for costs against

the plaintiffs in error. A writ of error has been sued out of this court for a review of the record.

The Cat Tail Drainage District was organized under the Levee Drainage act. On June 11, 1931, under the provisions of section 37 of said act the commissioners of the district filed in the county court of Whiteside county a petition for a special assessment of $6500 against the lands of the district for the purpose of cleaning out the main ditch and other ditches and repairing the embankments and levees of the district, for which it was estimated the sum of $4500 would be necessary, and for the further purpose of paying obligations of the district that had been incurred for current expenses and in keeping in repair the works of the district and of paying the incidental expenses of making the assessment. After notice had been given as provided by statute there was a hearing on the petition, and on June 29, 1931, the county court entered an order in accordance with the prayer of the petition and ordered the commissioners to prepare an assessment roll. The assessment roll was prepared and filed and notice of hearing thereon given as provided by statute. No objections to the confirmation of the assessment roll were filed by any one of the plaintiffs in error. A hearing was had before a jury, which returned a verdict confirming the assessment roll as prepared by the commissioners, upon which verdict the court on July 17, 1931, entered judgment. Seba J. Akker owned three tracts of land in the district, which were assessed in the aggregate sum of $203.95. The assessment against the lands of John S. Ferris and Birdie X. Frye was $303.87.

The allegations of the two petitions filed by plaintiffs in error are substantially the same and are in substance as follows: On July 17, 1931, there was levied against the lands in the drainage district an assessment of $6500, the greater part of which is to be used for the purpose of cleaning out the main ditch and the Lahey lateral ditch in the drainage district and building a levee on each side thereof.

Neither the main ditch nor the Lahey lateral in any way drains the lands of petitioners and no waters ever overflow through the main ditch or the Lahey lateral onto the lands of petitioners or any part thereof. No part of the lands of petitioners will be in any way benefited by the cleaning out of the main ditch or of the Lahey lateral, or by building and repairing levees on each side thereof, or the doing of any work for which the money so assessed is to be used and expended. The lands of petitioners have been erroneously assessed for benefits because no part thereof is or has ever been subject to overflow or has ever been overflowed by the highest waters known to flow through or along the main ditch or the Lahey lateral of the drainage district. The petitioners have paid assessments for annual benefits against their lands to the treasurer of the district which have been sufficient to pay all current expenses of the district so far as such expenses have been necessary or beneficial to their lands, and their lands have not been benefited in any way by any money spent by the commissioners of the district for current expenses or protecting the works of the district in addition to the amounts paid by petitioners for annual benefits. No bonds of the drainage district have been issued which are a lien on the assessment of $6500. The prayer of the petitions is that the lands of petitioners may be released from the special assessment of $6500 made by the drainage district, "or such part thereof as the court may find to be just and equitable," and for general relief.

The contention of defendant in error is, that it appears from the record of the proceedings in the county court that the special assessment of $6500 was levied for the purpose of cleaning out the ditches and repairing the levees of the district and for paying obligations of the district incurred for current expenses and maintaining the works of the district, and that no part of the assessment was to be used for the construction of a new levee or levees; that the provisions of section 43 of the Levee Drainage act have no ap-

plication to an assessment levied for such purposes; that by their petitions plaintiffs in error are attempting to make a collateral attack upon the judgment of the court confirming the assessment roll, and that, therefore, the petitions were properly stricken from the files of the county court.

Section 43 of the Levee Drainage act as amended (Hurd's Stat. 1921, chap. 42, sec. 43, p. 1224,) reads as follows: "Whenever a petition shall be presented to said court by the owner of any tract of land within said district, setting forth that the same, or any part thereof, has been erroneously assessed for benefits, for the reason that the same is not subject to overflow, or has never been overflowed by the highest water known, or that the assessment is too high, and that no bonds have been issued by the district which are a lien on said assessments, and praying that the said lands, in whole or in part, may be released from the assessment made or to be made in the future, the court may, after ten days' notice of the filing of such petition being given to the commissioners, at any term of court, probate or common law, proceed to hear said application, granting such continuance as may be right and proper; and if the court shall find, upon issue joined, that any part of the land named in said petition is not subject to overflow, or has never been overflowed by the highest water known from the stream against which the levee in question has been constructed or that the assessment is too high, may, by order to be entered of record, unless it appears to the court that the assessment on the whole tract is no more than the proportion that the land subject to overflow (if said land or any part thereof is subject to overflow) in said tract is benefited, and should pay toward constructing and maintaining the levee, or that the assessment on the tract is no more than the proportion of sanitary benefits received by the whole tract, and no more than the whole tract should pay for sanitary benefits towards constructing and maintaining the levee, and [amend] the assessment roll returned by the

jury in conformity to the facts found, and such part shall thereafter be discharged from all other assessments, and the clerk shall immediately cause a copy of such order to be delivered to the commissioners that the copy of the assessment roll in their hands may be made to conform to such order. *Provided,* that a petition for the correction of any assessments heretofore made, shall be filed within a year after this act shall take effect, and as to assessments thereafter made, such petition shall be filed within one year after the confirmation of the assessment. *And provided,* that where such petition shall be for the correction of an assessment heretofore made, the proceedings had thereon, shall be at the cost of the petitioner. *And provided further,* that this section shall not apply to districts organized for the purpose of establishing a combined system of drainage independent of levees."

Only two cases have been before this court in which a question concerning the construction of section 43 was involved. The first was *Russell and Allison Drainage District* v. *Benson,* 125 Ill. 490. The decision in that case is in nowise enlightening upon the question here involved. The second case was *Wessler* v. *Mud Creek Drainage District,* 300 Ill. 350. In that case it was held that the provisions of section 43 were applicable to an assessment levied for the purpose of improving the drainage of a district where a part of the work to be done for which the assessment was made was the construction of a new ditch with a levee on each side of it. While the petitions filed by plaintiffs in error contain an allegation that the greater part of the $6500 levied against the lands of the district is to be used for cleaning out the main ditch of the district and the Lahey lateral "and building a levee on each side thereof," the record of the proceedings in the county court for the $6500 assessment, which is made a part of the record filed in this court by plaintiffs in error, shows that the purpose for which the money raised by the assessment was to be used, other

than paying obligations of the district, is the cleaning out of the main ditch and the other ditches of the district and repairing the ditches, embankments and levees of the district. The record, therefore, shows that the assessment was not levied, in whole or in part, for the construction of any new ditches or new levees. Before an abatement or an amendment of an assessment may be made under section 43 it must appear that the land of the petitioner has "never been overflowed by the highest water known from the stream against which the levee in question has been constructed," and relief cannot be granted under that section if the assessment on the whole tract of land is no more than the land subject to overflow is benefited and should pay toward "constructing and maintaining the levee," or is no more than the whole tract should pay for sanitary benefits toward "constructing and maintaining the levee." From a consideration of the provisions of section 43 as a whole it appears that it was the intention of the legislature that that section should be applicable only to cases where an assessment had been levied for the purpose of constructing and maintaining a levee. In this case no part of the assessment was levied for the purpose of constructing any levee or of constructing any new works of any kind, but the purpose for which the assessment was levied, other than to pay obligations of the district, was to clean out all of the ditches and repair all of the embankments and levees of the district that had been theretofore constructed.

Since the provisions of section 43 are not applicable and do not give any right to plaintiffs in error to question the validity of the assessments against their lands, the filing of their petitions amounted to an attempt to attack collaterally the judgment of the county court confirming the assessment roll. The petitions contained no allegation that the county court did not have jurisdiction to enter the judgment of confirmation or that the record of the county court in the proceeding for the confirmation of the assessment roll

failed to show jurisdiction of the court to enter such judgment. If the plaintiffs in error desired to contest the assessment against their lands they should have appeared and filed objections to the confirmation of the assessment roll. Having failed to do so they are not now in a position to question the judgment of the county court confirming the assessment roll on any ground other than the lack of jurisdiction of the county court to enter that judgment. *Commissioners of Highways* v. *Drainage District, 207* Ill. 17.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. Justice Jones, dissenting.—(see p. 541.)