No. 21227.—

Seba J. Akker *et al.* v. The Cat Tail Drainage District.—
*ante*, p. 436.

Mr. JUSTICE JONES, dissenting:

The assessment from which the plaintiffs in error seek relief is the seventh that has been spread against their lands in the Cat Tail Drainage District. The money to be derived therefrom is to be used for the purpose of cleaning out the main ditch and the Lahey lateral ditch. The earth and debris removed from said ditches are to be used in the strengthening and upbuilding of the levees or embankments on either side of said ditches. The work contemplated may be regarded as repair or maintenance work as distinguished from so-called "new work." The petitions of plaintiffs in error herein were filed under section 43 of the Drainage act, and alleged that neither said main ditch nor said Lahey lateral in any way drains the lands and premises of the petitioners or any part thereof; that no waters ever overflowed through said main ditch or said Lahey lateral onto the lands of the petitioners or any part thereof; that no part of the lands and premises so owned by the petitioners will be or are benefited in any way by the cleaning out of the said main ditch or the Lahey lateral or the

building or repairing of levees on each side thereof. The court dismissed the petitions without any hearing upon their allegations, on motion of the district. The grounds of the motion were that all matters concerning the seventh assessment are, first, *res adjudicata* by virtue of the judgment of confirmation of that assessment; and second, that the court had jurisdiction of all parties and the subject matter at the time it entered the judgment of confirmation, and that the petitioners have had their day in court.

The theory of the district is, and the opinion holds, that a petition filed under the provisions of section 43 can furnish the plaintiffs in error no relief because it was the intention of the legislature that that section should be applicable only to cases where an assessment had been levied for the purpose of constructing and maintaining a levee, and that no part of the assessment was levied for any new work of any kind. In other words, the opinion holds that section 43 takes within its purview only new work as distinguished from repair work, such as cleaning main or lateral ditches, strengthening levees, and the like. I cannot agree to such a constricted interpretation. A careful examination of the drainage laws of this State will not permit it, neither will a history of the drainage projects in this State support it. Reclamation of lands from overflow waters from large streams has required much additional work subsequent to the original construction of levees. As a result, several sections of the law authorize the making of additional assessments to insure the protection or drainage of lands. It is provided that these additional assessments may be paid in installments, and bonds may be issued in anticipation of such payments. The proceedings for the spreading and collection of additional assessments are governed by the rules applicable to the original assessment. Section 43 by its express terms is general in its application and may be availed of by any petitioner who can

bring himself within its terms. It furnishes an independent method of obtaining relief from assessments, whether original or additional and for whatever purpose made. The relief is not dependent upon any objections made at the time of confirmation. The petitioner is entitled to a hearing on his petition whether he objected to confirmation of the assessment or not.

Original assessments of benefits and damages are made under sections 17*a*, 17*b* and 18. Additional assessments, such as the one in this case, are made under section 37, which provides that assessments from time to time may be levied when it shall appear that the previous assessment or assessments have been expended, or are inadequate to complete such work, or are necessary for maintenance or repair or other additional work, or the completion of any work already commenced within any drainage district to insure the protection or drainage of the lands in said district or to pay obligations incurred for the current expenses of said district or in the keeping in repair and protection of the work of such district. Additional assessments frequently amount to more than original assessments.

Section 43 provides that whenever a petition shall be presented to the court by the owner of any tract of land within the district, setting forth that the same, or any part thereof, has been erroneously assessed for benefits for the reason that the same is not subjected to overflow or has never been overflowed by the highest water known, or for other reasons specifically set forth in said section, and when no bonds have been issued which are a lien on said assessments, the court may, upon notice and hearing, relieve the land of its assessment provided the allegations of the petition are found to be true. The petition mentioned must be filed within a year after the confirmation of the assessment. The section contains no language to indicate that relief may be had only against an original assessment. It

may be availed of by a land owner against an assessment whether it be an original or an additional assessment and whether for new work or repair work.

*Wessler* v. *Mud Creek Drainage District,* 300 Ill. 350, does not support defendant in error's contention, first, because the assessment from which the land owner sought relief was an additional assessment and not an original assessment; and second, because a considerable portion of the work was not new work but contemplated the cleaning out of "the Naylor lateral," just as the assessment in the instant case contemplated the cleaning out of "the Lahey lateral." The *Wessler case* provided for the construction of a channel or drainage ditch, with levees on either side of it, and likewise the instant case provided for the construction of levees on either side of the Lahey lateral. There is no difference between the two cases in principle or substantial facts, yet the *Wessler case* holds that section 43 may be availed of by a land owner against an additional assessment, while the instant case holds that it is not applicable and has no reference to additional assessments which contemplate repair work.

It should be understood that the assessment in this case is an additional assessment for specifically mentioned purposes and is not to be confused with "annual amounts" or "annual benefits," which are authorized by section 17 when included in the original assessment roll, or by section 17½ when not included in that roll. Annual amounts are due and payable on September 1 of each year. In the present case annual amounts were provided for and had been paid by plaintiffs in error. This case does not involve them but involves a distinct additional assessment.

In the *Wessler case* the county court had confirmed an additional assessment against the petitioner's lands and no appeal had been taken therefrom, but the petitioner sought relief by an independent proceeding filed under section 43

of the Drainage act. That is precisely the course followed by the petitioners in the case at bar. In the former case it was urged that "the assessment having been confirmed, it is *res adjudicata.*" The same contention is presented by the district in the present case, but this court held in the *Wessler case* that a proceeding under section 43 is not a collateral attack upon the judgment of confirmation, and said: "The statute authorizes the filing of the petition within one year after the assessment has been confirmed, in the same court that confirmed the assessment, and confers authority on the court to hear and act upon it. We know of no constitutional or other valid objection to the legislature enacting the statute." It seems to me that the contention of the district that the judgment of confirmation is *res adjudicata* against the petitioners is without any foundation whatever and finds no support either in the statute or in the only previously decided case construing the meaning of section 43. It is true that some new work was contemplated in the *Wessler case,* but the petitioner in that case made no objection to the assessment against his lands for the new work. His case rested entirely upon his objections to the assessment for repair work which would not in any manner benefit his lands. This court held that he was entitled to an abatement of the assessment against his lands to the extent of the cost of the work contemplated in the cleaning out of the Naylor lateral. The relief which was granted the petitioner in the *Wessler case* from that portion of his assessment which was levied for repair work is the very relief which the petitioners in this case seek. It was granted in the *Wessler case* and denied in this case.

In my judgment the opinion of the majority of the court in the present case fails to comprehend that the sole purpose and intent of section 43 of the Drainage act are to furnish relief from assessments which have been confirmed

against lands not benefited by such assessments. It makes no difference what an assessment is for—whether it is for new work, repair work, maintenance work, additional work or deficits in other assessments. The statute is not concerned about the purpose of the assessment. Its objective is remedy from an unwarranted assessment. Therefore a holding that a petitioner may be granted relief only from an assessment for new work is destructive of the purpose and object of the statute. It cannot be reconciled with the decision in the *Wessler case* or with the plain language of the statute itself. It deprives the land owner of the very relief the legislature sought to give him.

Besides the *Wessler case* two other cases in this court are cited in support of the majority opinion, but neither has the remotest bearing upon the questions here involved. In *Russell and Allison Drainage District* v. *Benson,* 125 Ill. 490, the only question raised was whether the amendment of 1885 to section 43 was retrospective and applied to assessments made more than one year before the amendatory act went into effect. It was held that it was not retrospective. In *Commissioners of Highways* v. *Drainage District,* 207 Ill. 17, section 43 was not involved or referred to by the court. The opinion holds that in a suit against a town to collect an assessment no objection can be considered which might have been urged at the time the assessment roll was confirmed. The proceedings were not based on section 43 and the case has no relation whatever to the present proceedings.

According to my view of the law the county court erred in sustaining the motion to dismiss the petitions. The petitioners were entitled to a hearing upon their allegations, and if they were proven to be true they should have been accorded the relief authorized by section 43.