## LORD *v.* CITY OF KOSCIUSKO.

(Division A. April 23, 1934.)

[154 So. 346. No. 30771.]

**J. D. Guyton,** of Kosciusko, for appellant.

James T. Crawley, of Kosciusko, for appellee, Attala County.

**Ralph L. Landrum,** of Kosciusko, for appellee, City of Kosciusko.

176

Argued orally by **J. D. Guyton**, for appellant, and **James T. Crawley** and **Ralph Landrum**, for appellees.

**Cook, J.,** delivered the opinion of the court.

In 1929, under chapter 194, Laws of 1924, the city of Kosciusko, by proper resolutions and ordinances, made certain special improvements on Wells and North streets in said city, consisting of street paving and storm sewer improvements, and assessed one-third of the cost thereof to the abutting property on each side of these streets, and the remaining one-third to the city.

The appellant is the owner of an unexpired lease of sixteenth-section school lands fronting on Wells street for a distance of one thousand two hundred fifty feet, and on North street for a distance of two hundred seventy feet. For making these special improvements, appellant's leasehold interest in said land was assessed by the city the total sum of five thousand six hundred thirty-six dollars and nine cents, this being one-third of the cost of making said special improvements along and immediately in front thereof. This assessment was made payable in ten annual installments; and there was no appeal therefrom by the appellant or any abutting property owner. Thereafter, the taxes due on this assessment against appellant's leasehold interest being in default for an annual installment, after due advertisement, the appellant's above-described leasehold interest was sold to the city for said delinquent taxes.

Afterwards the appellant filed the bill of complaint in this cause against the city of Kosciusko, and the board of supervisors of Attala county, alleging that he was the owner of an unexpired leasehold interest in said sixteenth-section land, both by mesne conveyances and by adverse possession, and deraigned his title in so far as the records were available. The bill charged that the original lease of these lands was executed many years ago, for a period of ninety-nine years, but that the exact date thereof was unknown on account of the destruction by fire of the deed records of Attala county in the year 1858,

and, therefore, the date of the expiration of the said lease was unknown. Upon this phase of the case the bill prayed for a decree fixing the expiration of his lease, and quieting and confirming his title thereto.

The bill of complaint further challenged the right of the city to assess appellant's leasehold interest in said land with any part of the cost of said special improvements, on the ground that he was not the owner of the said land abutting on the streets in question, but was merely the lessee thereof for an unexpired term of years, the remainder or fee of said land being in state of Mississippi as trustee for the benefit of education, and, therefore, not liable for the cost of making special and permanent public improvements along the same. The bill further charged that the assessment and sale of this leasehold was void for the reasons above stated, and prayed that the sale be decreed to be void for other stated reasons. The bill further charged that if the complainant was mistaken in the contention that his leasehold was not assessable for any part of this special improvement tax, then it could only be assessed with a proportionate part of said cost, and he was entitled to an apportionment of the cost between him as lessee and the owner or beneficiary of the remainder interest in said premises, as represented by the board of supervisors. The bill prayed that the said assessment and sale thereunder for delinquent taxes be decreed to be void, and be set aside and canceled in so far as it affected his leasehold interest, and that in the event the court should determine that appellant's interest in said land was liable for only a portion of the cost of improvement, that it apportion such cost between the respective parties.

The court below fixed the date of expiration of the lease as being October 12, 1948, and held that the leasehold interest of appellant is liable for the full amount assessed against it for said improvements, and that the board of supervisors is not liable for any part of such costs, and

cannot be required to pay the same out of any sixteenth-section funds under its control. The court further held that the sale of the leasehold was void for reasons not necessary to here state, since there was no appeal by the city from the decree so declaring.

As bearing upon the date of the original ninety-nine year lease of this sixteenth-section land, and for the purpose of fixing the date of the expiration thereof, there was offered in evidence two affidavits executed on the 16th day of November, 1861, and recorded in the deed records of the county in the year 1863. One of these affidavits recited that, on or about the 12th day of October, 1849, the land in question was leased to one Ozias Lewis for the term of ninety-nine years, and that at the time of the execution of the lease, the affiant was president of the board of trustees of said section 16, which executed the lease, and that such affidavit was executed for the purpose of being admitted to record as evidence of said lease, and the making, signing, sealing, and delivery thereof to the said Ozias Lewis. The other affidavit was executed by Ozias Lewis, and was to the effect that on or about the 12th day of October, 1849, the board of trustees of said sixteenth section leased to him a portion 'thereof, which includes the land here involved, and that such affidavit was executed in pursuance of the statute, as evidence of the execution of said lease. These two affidavits were originally executed and recorded in pursuance of, and substantially in the form prescribed by, chapter 371, Laws of 1858, which is an act entitled, "An Act further to remedy the evils occasioned by the burning of the courthouse of Attala County." Section 7 of this act reads, in part, as follows:

"Be it further enacted, That in all instances where original deeds may have been destroyed by fire, or are supposed to have been so destroyed, in the burning of the court-house of said county, which deeds conveyed lands lying in said county, it shall be lawful for the grantee, or

other person interested in the preservation of the evidence of said deed, to make affidavit of the execution of such deed, distinctly stating the date or about the date of its execution, and by whom executed, and upon what consideration and what land was conveyed by it, which 'affidavit may be subscribed and sworn to before any person now authorized by law to administer oaths in this State, and shall be substantially in the following form, to-wit: (Form set out.)

"And if any person filing such affidavit, shall desire so to do, it shall be lawful for him to obtain the affidavit of 'any person or persons corroborative of his own, and any such affidavits as herein provided for may be filed with the clerk of the probate court of said county of Attala, who shall record the same upon the records of deeds in the same manner as he is required to record deeds, and under the same penalties; and shall be entitled to the same fees, as he is entitled to charge for similar services in reference to deeds, and thereupon the said affidavits when entered of record, shall stand in lieu of the deed described therein, and shall relate back to the date of the deed described therein, and shall be as valid and effectual as evidence of the deed described therein, as if such deed were produced, and shall be color of title, and shall in all respects stand as deeds, and the same or copies thereof, from said record, shall be evidence in any controversy in any court of law or equity in this State, subject however to be rebutted by proof of their falsity."

The only further evidence bearing on the date of the expiration of this lease are recitals in reference thereto found in three certain deeds appearing of record in said county, which conveyed a portion of the land covered by the original lease thereof.

By the use of a magnifying glass, as shown by the record, the chancellor determined that the date recited in one of these deeds was different from that recited in the other two. The affidavits in evidence were executed

and recorded in pursuance of legislative authority that such affidavits, when executed and recorded, should stand in lieu of the lost deed, and should be valid and effectual as evidence of the lost deed described therein, and should in all respects stand as a deed, and be prima facie evidence thereof in any court of law or equity in this state. We think these affidavits, executed under legislative authority for the purpose of re-establishing the lost or destroyed deed, were of higher probative force than the mere recitals of the two deeds which tended to establish a different date of the expiration of the lease, and that the chancellor correctly so held. Therefore, the decree fixing October 12, 1948, as the date of the expiration of the lease will be affirmed.

This brings us to the liability vel non of the land here in question to a local assessment for a public improvement. Sections 1 and 5, chapter 194, Laws of 1924, sections 2558 and 2562, Code 1930, provide that local improvements may be made by a municipality "at the cost of the property owners benefited thereby," and "that the whole or such part of the cost and expense thereof, as it shall fix, shall be assessed against the property abutting upon the improvement." As this land abuts on the street paved, it is within the description of the property which municipalities are authorized by the above statutes to assess for local improvements unless the fact that the fee to the land is in the state excludes it therefrom.

Under the general rule for construing statutes, property owned by the state may not be, and we will assume is not, embraced therein. The question then is: Is this property owned by the state within the meaning of this rule? Under the statutes by virtue of which this land was leased from the state it continues to own the fee, but has parted with all right to the use and possession therefor for the life of the lease, exclusive right to which during the life of the lease is vested in the lessee. This right is a proper-

ty right, and to that extent the land embraced within the lease is the lessee's property and is subject to assessment for state, county and municipal taxes. Street v. City of Columbus, 75 Miss. 822, 23 So. 773. It is true that this case dealt with ordinary taxes and not assessments for local improvements, but there is no difference in this connection in principle between the two characters of taxes; both constitute burdens imposed for public purposes.

If the sections of the statute hereinbefore cited do not include property owned by the state, of course any sale of sixteenth-section land for the nonpayment of taxes or local assessments thereon during the life of the lease would pass only the title of the lessee or his assignee, and could not divest the state of its reversion thereto on the expiration of the lease.

In the case of Edwards Hotel & City St. Railroad Co. v. City of Jackson, 96 Miss. 547, 51 So. 802, under a statute authorizing the assessment of abutting property for public improvements, which did not expressly subject street railroads to such assessments, it was held that a street railroad operating under an easement or franchise is an abutting property owner in the sense of local assessment laws and has property rights in the street occupied by it which are subject to such local assessments. As was held in the case of City of Chicago v. University of Chicago, 302 Ill. 455, 134 N. E. 723, 725, 23 A. L. R. 244, in which a leasehold interest in sixteenth-section school lands was held to be assessable for benefits derived from a local improvement, "it is the character of the property, as fixed and immovable, receiving substantial benefits from an improvement which fixes the liability, and not the nature of the property, as real estate," or as a chattel real.

The court below so held, and the decree will be affirmed. Affirmed.