THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE INTERNATIONAL SALT COMPANY OF ILLINOIS, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 10, 1908.*

1. TAXES—*when the leasehold and appurtenances are taxable as real estate.* Section 60 of the Revenue act, providing that where real estate exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and appurtenances shall be listed as the property of the lessee, or his assignee, as real estate, applies to buildings upon the Illinois Central Railroad Company's right of way which are leased by that company to others.

2. SAME—*when board of assessors may assess omitted property.* The board of assessors has power, under section 12 of the Revenue act of 1898, to assess for the current year the assessment is made, real property which was omitted from the quadrennial assessment list made by the county clerk, as well as to assess real property which has become taxable since such list was made. (*People v. Sellars,* 179 Ill. 170, distinguished.)

3. SAME—*no notice of assessment by board of assessors is necessary.* Notice of an assessment of property made by the board of assessors is not necessary in view of the provisions of sections 23, 25 and 35 of the Revenue act, of which all persons are bound to take notice.

4. SAME—*what is a sufficient description of property for purposes of taxation.* For purposes of taxation a description in the delinquent list which is sufficiently certain to enable a competent surveyor to locate the property is all that is required.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

RUNNELLS & BURRY, for appellant.

ILES & MARTIN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of debt brought by appellee against appellant in the circuit court of Cook county to recover unpaid taxes assessed and levied for the years 1904 and 1905

against certain property of appellant. The property is described in the declaration as a "leasehold estate and improvements (except United States life saving station) on Illinois Central railroad pier No. 1, lying south of and adjoining the Chicago river in south-east quarter, section ten (10), township thirty-nine (39), north, range fourteen (14), east of the third principal meridian, situated in Cook county and State of Illinois." The declaration alleges "that said leasehold and improvements are on the right of way of the Illinois Central Railroad Company and are assessed and taxed as real estate, in accordance with the statute in such case made and provided."

Pier No. 1 is occupied by tracks of the Illinois Central railroad and buildings suitable for use as freight sheds and warehouses. On the 21st of March, 1902, the Illinois Central Railroad Company, by a lease in writing, leased to the appellant the property assessed for the taxes sought to be collected in this suit. The lease was for five years from the first day of February, 1902. Under the lease appellant took possession of the buildings on the premises therein described, which buildings were erected by and were the property of the Illinois Central Railroad Company, and used them for the storage of salt and other merchandise. Although authorized by the lease to erect new and additional buildings, none have ever been erected. The lease required appellant to pay all taxes and assessments, general or special, that might be legally assessed against the said demised premises during the term of the appellant's tenancy. The books made up by the county clerk of Cook county in the year 1903, which was the quadrennial year for the assessment of real estate, containing a list of the taxable property, did not include appellant's leasehold interest in the property here in controversy and it was not assessed for taxation for that year. Said county clerk did not make up any list of said property for the purpose of assessment and taxation in 1904 or in 1905, but the board of assessors

added the property to the list made in the books furnished by the county clerk in the year 1903 and assessed the same upon a valuation fixed by the board of assessors, and the tax so levied was extended against the property. The taxes for 1904 not having been paid, the collector applied for and obtained a judgment and order of sale of the property. The proof shows the property was not sold when offered for sale but was forfeited to the State. The tax for the year 1905 not having been paid, the amount of the forfeiture for the taxes for the previous year was carried forward and added to it, and upon application of the collector a judgment was entered for the sale of the property to pay the same. The total amount of this judgment was $3675.39. The record shows the property was not sold but was again forfeited, and this suit was brought in debt to recover said taxes. Appellant pleaded *nil debet,* and the cause was tried before the court without a jury and resulted in a judgment in favor of appellee for $3675 and costs. From that judgment this appeal is prosecuted.

It is contended by appellant that the property taxed is not subject to taxation because it is a part of the Illinois Central railroad right of way, and also that if it is taxable it could only be taxed as personal property, and being assessed and taxed as real estate the tax is void. The authorities cited in support of these propositions are not applicable to this case, for the reason that the statute in force when those cases were decided was an entirely different one from the present statute. Section 60 of chapter 120, Hurd's Statutes of 1905, is as follows: "When real estate, which is exempt from taxation, is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his assignee, as real estate." Clearly this statute makes the leasehold estate of appellant subject to taxation and requires it to be taxed as real estate.

The Revenue act of 1898 provides for the election of a board of assessors in counties containing 125,000 or more inhabitants, and said board has the powers and is required to. perform the duties of township assessors under the law. (*Tolman* v. *Salomon,* 191 Ill. 202.)    It is contended that the board of assessors had no authority to assess any real estate except that described in the lists required by section 10 of the act of 1898 to be made by the county clerk. That section required the county clerk, in the quadrennial year for the assessment of real estate, to make lists in books provided for that purpose, and annually to make up lists, before the first day of April, of lands and lots which are taxable or which shall become taxable for the first time and are not already listed.    Appellant contends there is no authority by the Revenue act conferred upon the board of assessors to assess any real estate omitted from the lists made by the county clerk except such as shall become taxable after the last assessment was made, and in support of this proposition cites *People* v. *Sellars,* 179 Ill. 170.    It was sought by *mandamus* in that case to compel the county clerk to extend a personal property tax returned by the assessor for the years 1894, 1895, 1896, 1897 and 1898, which personal property it was alleged was omitted from the assessment for taxes for those years, and it was held, under the Revenue law of 1898, the assessor had no authority to make such assessment and that the authority to make it was by law vested in the board of review.    What was there said related only to the right of the assessor to assess property that had been omitted in previous years, and had no reference to the authority of the assessor to assess real estate in the current year that had been omitted from the lists made out by the county clerk.

Section 12 of the act of 1898 (Hurd's Stat. 1905, p. 1695,) makes it the duty of the assessor or his deputy, before the first day of June in the quadrennial years for the assessment of real estate, to view and determine the value

of each tract or lot of land listed for taxation. "He shall, also, between the first day of April and the first day of June in each intervening year, list and assess in like manner all real property which shall become taxable and which is not upon the general assessment," etc. Appellant contends the proper construction of this language is· that the assessor has no authority to list and assess any property that was taxable in the year the quadrennial assessment is made but which is omitted from the lists made by the county clerk, but that the authority of the assessor is limited to listing and assessing property that has become taxable since the lists were made by the county clerk. We can not agree with this construction of the statute. The authority to list and assess "all real property which shall become taxable and which is not upon the general assessment," refers to two classes, namely, all real property which shall become taxable after the county clerk·has made out the lists, and all real property which is not upon said lists. Property which had become taxable after the county clerk ˙had made out the lists would, of course, not appear on said lists, and ˌas to such property the assessor would have the right, and it would become his duty, to assess it. Property that was taxable when the lists were made out by the county clerk but which was omitted therefrom constitutes the other class, and the statute confers authority upon the assessor to list and assess it also. This is the construction that was given this statute in *Crozer* v. *People,* 206 Ill. 464, where it was said (p. 471): "It is to be observed, however, that in the intervening years it is the duty of the assessor to assess real estate which shall become taxable that year for the first time, and to assess real estate which is taxable but which is not already upon the assessment roll."

Conceding that the board of assessors had no power to assess appellant's property for the years it had been omitted from the assessment and that such power was vested in the board of review only, still the board of assessors had

the right to assess the property for the year the assessment was made, and that was all that was done in this case, and in so far as the assessment of appellant's property for the years it was assessed by the board of assessors is concerned, there was nothing for the board of review to act upon, for the property had been assessed for those years.

It is further insisted that no assessment could have been lawfully made without notice to appellant affording an opportunity to be heard. This would be true of an original assessment made by the board of review (*Carney* v. *People,* 210 Ill. 434,) but is not true of an assessment of real property made by the assessors. Section 23 requires the board of assessors in counties of the class of Cook county to meet on the first Monday in June of each year for the purpose of revising and correcting the assessment of real property. Said board may, upon the application of a tax-payer or upon their own motion, revise and correct the assessment in such manner as to them shall seem just. Section 25 requires the office of the board of assessors to be kept open all the year during business hours. Section 35 authorizes the board of review, on complaint, in writing, to review and correct the assessment of property in such manner as shall appear to be just. These sections of the statute, of which all are bound to take notice, afford ample opportunity to the property owner to make complaint and have his assessment reviewed and corrected. This court said in *Carney* v. *People, supra:* "But a law prescribing a time when complaints will be heard before the board of review is all the notice that is required. (*Hagar* v. *Reclamation District,* 111 U. S. 701.) If the law secured to defendant a hearing after the assessment was in fact made, of which he had notice by the statute, that would be sufficient."

Appellant also contends that the published delinquent list offered in evidence by it on the trial shows the description of the property to be so defective that no valid judgment could be rendered for the taxes and no valid for-

feiture made. We think the description in the delinquent list sufficiently certain to enable a competent surveyor to locate it, and this is all that is required for the purposes of taxation. (*Carrington* v. *People,* 195 Ill. 484.) The judgment and forfeiture were sufficient to support an action of this character. *Sanderson* v. *Town of LaSalle,* 117 Ill. 171; *Biggins* v. *People,* 106 id. 270.

Some other questions of minor importance are urged by appellant as grounds for the reversal of this judgment, but we do not think they are of such character as to require further lengthening of this opinion by a discussion of each of them. We have examined the questions and are of opinion they present nothing that would justify a reversal of the judgment, and it is therefore affirmed.

*Judgment affirmed.*