(No. 14408.—Judgment affirmed.)

THE CITY OF CHICAGO, Appellee, *vs.* THE UNIVERSITY OF
CHICAGO *et al.* Appellants.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. SPECIAL ASSESSMENTS—*leasehold may be assessed for improvement although fee is exempt.* Section 2 of article 8 of the constitution exempts public school lands from taxation or special assessments; but this provision does not exempt leasehold interests and improvements put up by lessees who have covenanted to pay all taxes and assessments, and such interests having a fixed and permanent location and being benefited by a local improvement may be assessed for such benefit. (*People* v. *City of Chicago,* 216 Ill. 537, distinguished.)

2. SAME—*leasehold may be assessed for local improvement although it is only a chattel interest.* A leasehold retains its character as a chattel although it may run for a long term of years and although permanent improvements are annexed to the freehold, but the nature of the leasehold estate, as personal or real property, does not determine the right to assess it for benefits derived from a local improvement, and it may be assessed if the property is of a permanent character and receives substantial benefit.

3. SAME—*a special assessment is a form of taxation.* Charging contiguous property with benefits resulting from a local improvement is a form of taxation, whether levied as a special tax or special assessment.

4. SAME—*when question of separate judgments against different estates in same property is not involved.* A special assessment proceeding is *in rem* against the property itself and not against the several estates existing therein, but the question of separate judgments against different interests in a lot is not involved where only leasehold interests are assessed and no attempt is made to assess the fee or the reversion, which is exempt as school land.

5. SAME—*when assessment against leaseholds in exempt property is not discriminatory.* A special assessment against leasehold estates in exempt property is not discriminatory because there is no separate assessment against leasehold interests in other property which is not exempt, as the assessment against a lot in the latter case includes all the various interests therein.

6. TAXES—*statute may make leasehold interest taxable as real estate.* Although by virtue of the common law a leasehold remains a chattel real, the State may by statute declare its nature contrary to the common law for the purpose of taxation, as the constitution does not limit to real estate the assessment of contigu-

ous property, and under section 60 of the Revenue act leasehold interests in property which is exempt from taxation, and the leasing of which does not make the fee taxable, are to be listed as real estate of the lessee.

APPEAL from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding.

SHANNON & MORRILL, (EDWARD N. D'ANCONA, of counsel,) for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, and GEO. A. CURRAN, (GEORGE P. FOSTER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled the objections of appellants to an application of the city of Chicago for the confirmation of a special assessment against leasehold estates and improvements owned by the appellants for benefits resulting from an improvement of State street between Madison and Monroe streets, in Chicago, and this appeal was prosecuted from that judgment.

The lots assessed are located in section 16 granted by the government of the United States to the State of Illinois for the use of the inhabitants for schools and granted by the State to the city of Chicago in trust for such use. Upon propositions of law submitted by the objectors the court held that lands in section 16 the title to which was vested in the city of Chicago in trust for the use of schools are exempt from special assessment, but refused to hold that leasehold estates in and improvements on such lands are so exempt. The latter holding is assigned for error, and it is argued that leasehold interests in and improvements on school lands are exempt from special assessment by virtue of section 2 of article 8 of the constitution, which is as follows: "All lands, moneys, or other property, donated, granted or received for schools, college, seminary or

university purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made."

This constitutional provision secures the public school lands of the State from taxation or special assessments. (*City of Chicago* v. *People,* 80 Ill. 384; *People* v. *Trustees of Schools,* 118 id. 52.) Section 2 of the Revenue act provides that all lands donated by the United States for school purposes not sold or leased, all property of schools, including the real estate on which the schools are located, not leased by such schools or otherwise used with a view to profit, shall be exempt from taxation. This section purports to create an exception in the case of school lands leased or otherwise used with a view to profit, but this exception was set aside by the court in *People* v. *City of Chicago,* 216 Ill. 537. In that case school lands were leased for 99 years and improved with a permanent building for business purposes, but the court went to the length of holding that because the rental reserved was to be regarded as proceeds of the lands, taxation of the fee would take a portion of the rental and would be an indirect diversion of the proceeds to other purposes than schools. In this case there was no attempt to assess the fee or reversion but the court held it to be exempt, and the leaseholds and improvements are not school lands or proceeds of school lands. The leaseholds are the property of the lessees, and the improvements have been created, paid for and are for the benefit of the lessees, to enable them to enjoy the leasehold estates. The leases created no charge against the lands on account of taxes or assessments, but the lessees covenanted to pay all water rates and all taxes, duties and assessments, general or special, levied or assessed upon the premises during the continuance of the leases.

Another reason given for insisting that the leasehold estates could not be assessed is that they are not real estate. Under the common law adopted in this State a lease-

hold for years, although the rent may be nominal, the term 1000 years and the improvements annexed to the freehold and immovable, retains its character as a chattel. (*Thornton* v. *Mehring,* 117 Ill. 55; *Zimmermann* v. *Dawson,* 294 id. 380.) The seeming anomaly is explained in Williams on Real Property, on page 9, where the rule is traced to its origin under the feudal law. The nature of the leasehold estate as personal or real property, however, does not determine the right to assess it for benefits derived from a local improvement. Section 9 of article 9 of the constitution authorizes the General Assembly to vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment or by special taxation of contiguous property or otherwise, and the Local Improvement act vests corporate authorities of cities, villages or incorporated towns with power to make such local improvements as are authorized by law by special assessment, or by special taxation of contiguous property, or by general taxation or otherwise, as they shall by ordinance prescribe. Section 60 of the Revenue act provides that when real estate which is exempt from taxation is leased to another whose property is not exempt and the leasing of which does not make the real estate taxable, the leasehold estate and appurtenances shall be listed as the property of the lessee thereof, or his assignee, as real estate. The constitution and statute do not limit the power to assess contiguous property to such as in law is regarded as real estate, and, so far as taxation is concerned, leasehold estates such as were assessed in this case are to be considered real estate. Although by virtue of the common law a leasehold remains a chattel real, it was within the power of the State to declare its nature contrary to the common law for the purpose of taxation. (*People* v. *International Salt Co.* 233 Ill. 223.) For such purpose the legislature may declare personalty to be real estate and real estate personalty. (*Johnson* v. *Roberts,* 102 Ill. 655; *Shelbyville Water*

*Co.* v. *People,* 140 id. 545; *Knopf* v. *Lake Street Elevated Railroad Co.* 197 id. 212.) Charging contiguous property with benefits resulting from a local improvement is a form of taxation whether levied as a special tax or special assessment. If the section of the Revenue act did not make a leasehold real estate for the purpose of a special assessment, a leasehold in contiguous property having a fixed and permanent location and benefited by a local improvement could be assessed for such benefit. This has been uniformly held, as illustrated in cases involving assessments upon property of street railway companies occupying streets under grants in the nature of a lease. (*City of Chicago* v. *Baer,* 41 Ill. 306; *Chicago City Railway Co.* v. *City of Chicago,* 90 id. 573; *Parmelee* v. *City of Chicago,* 60 id. 267; *Cicero and Proviso Street Railway Co.* v. *City of Chicago,* 176 id. 501.) In *Rich* v. *City of Chicago,* 152 Ill. 18, the court, referring to the different terms used by the legislature descriptive of property that could be assessed, said it could not be supposed that the legislature intended by such terms to create a limitation upon the power to assess contiguous property benefited by an improvement. The holding has been that it is the character of the property, as fixed and immovable, receiving substantial benefits from an improvement which fixes the liability, and not the nature of the property, as real estate and descendible to heirs, or as a chattel passing to an administrator. It is also to be noted that section 3 of chapter 77 of our statutes, governing judgments, decrees and executions, declares that the term "real estate," as used in the act, shall include estates for years and leasehold estates when the unexpired term exceeds five years. Judgments and decrees are liens on such estates as real estate, and they are to be sold and conveyed as such. (*Taylor* v. *Marshall,* 255 Ill. 545.) Not much is left of the common law doctrine.

The appellants submitted to the court two propositions of law,—one that separate judgments could not be entered

against a leasehold estate in property benefited and against an estate in remainder or reversion in fee, and the other that the benefits of a local improvement could not be apportioned between the owner of a leasehold estate in subdivided lots benefited and the owner of a remainder or a reversion in the lots but the benefits must be assessed against the land comprising the lots as an entirety,—both of which were marked refused, as not involved in the case. Counsel for the appellee have confined their brief and argument to the question whether the leasehold estates could be assessed and have given no attention to the questions raised and argued under these propositions nor to the one of discrimination hereinafter considered, but our examination of the record has led to the conclusions which will be stated.

The assessment was against the leasehold estates alone and not against the reversion, which was exempt, and the assessment was limited to the leasehold and improvements. The argument that the court erred is based on the rule that an assessment proceeding is *in rem* against the property itself and not against the several estates existing therein nor against the owner. (*Craw* v. *Village of Tolono,* 96 Ill. 255; *Dempster* v. *People,* 158 id. 36; *Gibler* v. *City of Mattoon,* 167 id. 18; *City of Chicago* v. *Partridge,* 248 id. 442.) The charge is against the property benefited, and the purpose of the proceeding is to impose a burden or charge upon that property. It is true that in the case of these leasehold estates running for 99 years the owner of such an estate may have sub-let a portion, and the sub-lessee may have divided his portion into different departments and made short-term leases of different subdivisions. The assessments were against the leasehold estates in the several lots in exact conformity with the law, and there was no question of different judgments or apportionments among individuals who may have offices or apartments in the building of the lessee. The court was correct in the conclusion

that the question of an apportionment or separate judgments was in no way involved.

It is argued that there was an arbitrary subdivision of the property by the assessment roll and that the city had no right to subdivide the block into lots under the rule declared in *Cram* v. *City of Chicago,* 139 Ill. 265, *People* v. *Cook,* 180 id. 341, *Bickerdike* v. *City of Chicago,* 185 id. 280, and *Gage* v. *City of Chicago,* 191 id. 210. It is also contended that the assessment was, in fact, discriminatory as between the leasehold estates in exempt property and in property not exempt. The city did not make any subdivision but the several pieces of property had been subdivided by the owners themselves. The claim of discrimination appears to be founded upon a stipulation that upon the other lots on State street against which confirmation of the proposed assessment was sought there were long-term leases and improvements owned by the lessees, and that, excepting where such long-term leases and improvements were upon lands which were exempt from taxation and special assessments, the long-term leases and improvements were not separately assessed for the improvements. Where the fee was not exempt the assessment was against the lot, including all the various interests therein, but where there were long-term leases in and improvements upon land exempt from taxation, that, only, was assessed which could be legally assessed, which was the leasehold estate. There was no discrimination in this.

The legal objections addressed to the court having been overruled the parties waived controversy and elected to stand upon such objections, so that there was no evidence of any discrimination, in fact, between like estates or that the property assessed was not benefited in the amount of the assessment.

The judgment is affirmed.    *Judgment affirmed.*