(No. 31021.—

JULIE JOHNSON *et al.*, Appellees, *vs.* RICHARD J. DALEY, Director of Revenue, *et al.*, Appellants.

*Opinion filed May 19, 1949.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, JAMES C. MURRAY, and RAYMOND S. SARNOW, all of Chicago, of counsel,) for appellants.

ALBERT J. MESEROW, and CHARLES LEVIN, both of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiffs filed suit in the superior court of Cook County against the Director of Revenue and the Attorney General of this State, praying that defendants be enjoined from enforcing against plaintiffs the Illinois Cigarette Tax Act and that the court declare invalid certain provisions thereof. An answer and reply were filed and evidence was taken, after which the court entered a decree granting the relief requested in the complaint. Defendants appeal to this court.

Plaintiffs are individuals who had purchased cigarettes by mail order from Indiana dealers, for their own use and that of their friends. None of the plaintiffs was engaged in the business of selling cigarettes for profit, and the cigarettes were not purchased for such resale. Defendants and their agents thereafter took steps to collect a tax from plaintiffs under the provisions of the Illinois Cigarette Tax Act. (Ill. Rev. Stat. 1947, chap. 120, par. 453.1 *et seq.*) The act imposes a tax upon any person engaged in business as a distributor of cigarettes. Section 1 contains definitions of terms used in the act. The word "distributor" is therein defined as including, *inter alia,* "Any person who, in any one calendar year, brings or causes to be brought into this State for consumption more than ten (10) cartons of original packages of cigarettes." The principal question herein presented is whether the quoted clause, which was added to the act by amendment in 1943, is unconstitutional and void. It is contended that the amendment constitutes an arbitrary and unreasonable classification, declares that to be a fact which is not a fact, contains a subject matter not expressed in the title of the act, and constitutes an undue interference with interstate commerce.

Defendants first assert that plaintiffs are foreclosed from attacking the validity of the clause under the doctrine of *res judicata*. They base this position on the claim that in *Routt* v. *Barrett*, 396 Ill. 322, which upheld the validity of certain provisions of the Veterans' Bonus Act of 1946 and the special election held thereunder, the present questions could have been litigated and have therefore been conclusively determined against the plaintiffs in that case and all other citizens and taxpayers on whose behalf they brought the suit. As one of the sources of revenue with which to pay the principal and interest upon bonds issued thereunder, the Bonus Act amended sections 2, 3 and 29 of the Cigarette Tax Act by imposing additional taxes upon distributors of cigarettes and providing for the disposition of the proceeds thereof. The *Routt case* cannot be extended to prevent judicial scrutiny of a statute not before the court in the prior case. Even though the validity of the amendment might have been litigated, that of the Cigarette Tax Act itself was not in issue and could not have been passed upon in that case. There is thus no merit in the contention that the complaint is barred by *res judicata*.

*Harmon* v. *Auditor of Public Accounts*, 123 Ill. 122, relied upon by defendants, presents a different question. In a previous suit certain taxpayers had unsuccessfully sought to enjoin a town and its officers from issuing certain bonds. The *Harmon case* was a bill seeking to enjoin the town officials from collecting taxes to pay the principal and interest thereof, and praying that they be decreed to be null and void. In the latter suit an additional ground was advanced for attacking the validity of the election authorizing their issue. We there held that the former decree was "conclusive as to all questions *within the issue* whether formally litigated or not." In that opinion, we pointed out that "the point now raised against the bonds was presented by the pleadings and issues in the Pinckney suit [*Chicago and Iowa Railroad Co.* v. *Pinckney*, 74 Ill. 277] and might

have been raised and determined in that suit." In *Routt v. Barrett*, on the other hand, the constitutionality of the present clause in section 1 of the Cigarette Tax Act was not presented by the pleadings and issues, and could not have been litigated.

Defendants advance other grounds to foreclose constitutional objections, which we do not deem to be well taken and which it is unnecessary to discuss.

The first objection urged by plaintiffs is that the 1943 amendment, in attempting to classify as distributors persons who merely bring cigarettes into the State for consumption, deprives them of due process of law. The statute purports to impose a tax upon those engaged in the *business* of selling cigarettes. The title describes the statute as "An Act in relation to a tax upon persons engaged in the business of selling cigarettes, and providing for collection of such tax and penalties for violations of the Act." Section 2, which contains the taxing provisions, imposes the tax "upon any person engaged in business as a distributor of cigarettes in this State." It is thus clear, from both the body and the title of the act, that the tax was intended to be an occupation tax. Can a person who, in any one calendar year, brings or causes to be brought into this State for consumption more than ten cartons of original packages of cigarettes be considered as being engaged in the occupation of distributing cigarettes? Merely to state the question is to answer it. To make such acts alone the criterion of engaging in the business of distributing cigarettes so obviously includes persons who may not, and cannot, be in such business as to render the classification obnoxious to the constitution. See *Ohio Oil Co. v. Wright*, 386 Ill. 206.

In the case cited, this court declared unconstitutional the Oil Production Tax Act of 1941, which purported to place a tax upon the production of oil. As in the present statute, the first section contained a definition of the terms

used. The terms "Producer" or "person engaged in the business of producing oil" were defined as including "any person owning oil or having a royalty interest therein at the time it is taken from the earth or water in this State, whether taken by him or some other person in his behalf." The tax was held to be beyond the power of the legislature on the ground, *inter alia,* that an owner of land cannot be declared to be in the business of producing by merely accepting the value of the royalty ·for the oil which the lessee has, by mining operations, taken from the land. We observed that "It manifestly is not a fact that such royalty owners are in the business of producing oil any more than a stockholder by accepting the dividends from a corporation is in the corporate business, whether the dividends be cash or property in kind. The legislature does not have the power by legislation to declare that not to be a fact which everyone knows is a fact, (*Winter* v. *Barrett,* 352 Ill. 441,) and, by the same reasoning, cannot legislate that to be a fact which everyone knows is not a fact." This reasoning applies with equal, if not greater, force to the classification attempted by the 1943 amendment to the Cigarette Tax Act.

A further objection to the amendment is found in the rule that the provisions of an act must be within the subject expressed in its title. The title of the statute relates to a tax upon "persons engaged in the business of selling cigarettes." Its entire theory, as shown by its language and the body of the act itself, purports to limit its application not only to selling cigarettes but to the *business* of selling cigarettes. By inserting the amendment in the existing act there has been injected a subject matter inconsistent with the rest of the act and with its title. By no conceivable interpretation can the mere bringing of cigarettes into the State for consumption be considered a sale thereof, much less an engaging in the business of selling cigarettes. The ordinary person, from reading the title alone, would not

conceive that the act which follows would contain a provision taxing any consumer who brings the designated quantity of cigarettes into the State within a year. The amendment, by the added definition of "Distributor," results in extending the tax to a class of persons not included in the original act and not consistent with its title and therefore contravenes section 13 of article IV of the constitution.

In *Stolze Lumber Co. v. Stratton,* 386 Ill. 334, we considered the validity of an amendment to section 1 of the Retailers' Occupation Tax Act, the full title of which is: "An Act in relation to a tax upon persons engaged in the business of selling tangible personal property to purchasers for use or consumption." The amendment added to section 1 an additional definition of "use or consumption" which purported to include "the employment of tangible personal property by persons engaged in service occupations (including construction contracting and other service occupations of like character,) trades or professions, in the rendering of services, where as a necessary incident to the rendering of such services, transfer of all or of a part of the tangible personal property employed in connection with the rendering of said services is made from the person engaged in the service occupation (including construction contracting and other service occupations of like character,) trade or profession, to his customer or client." It was there pointed out that this amendment sought to change the scope of sales at retail to include transfers or sales that are made for resale where the thing sold is employed by the named classes of persons in rendering service. In holding that the sales to contractors are not sales at retail as contemplated by the title, we said: "An amendment which seeks to apply the tax to those engaged in a business other than that of making retail sales, whether that business be called wholesale or by some other name, cannot be said to be included in the title to this act. This being true, appellants' contention that the amendment violates section 13

of article IV must be sustained and the amendment must be held invalid." If an amendment is void which seeks to bring within a business named in the title persons engaged in a different business, *a fortiori* an amendment cannot be sustained which attempts to so treat persons engaged in no business at all. The amendment in the case at bar contains no requirement that the persons therein described be engaged in any business. It therefore can have no relation to the language of the title of this act.

The amendment is invalid on the further ground that it operates to impose a tax upon interstate commerce, in violation of the commerce clause of the Federal constitution. It will be observed that in effect it taxes the act of bringing or causing to be brought into this State the commodity described. Its application is not upon the transaction of sale or the operation of consumption, but is directly concerned with commerce itself. It has been held that a State cannot impose a tax on sales consummated in another State by acceptance of orders sent from the taxing State. (*McLeod v. Dilworth Co.* 322 U. S. 327, 88 L. ed. 1304.) *A fortiori*, a tax upon the commerce itself cannot be sustained. In the words of the United States Supreme Court in the case last cited, "The very purpose of the Commerce Clause was to create an area of free trade among the several States. That clause vested the power of taxing a transaction forming an unbroken process of interstate commerce in the Congress, not in the States."

Other constitutional questions are raised which, because what we have already said requires us to hold the amendment invalid, we deem it unnecessary to discuss.

For the foregoing reasons, we conclude that the quoted clause of section 1 of the Cigarette Tax Act is beyond the power of the legislature to enact and thus void. The decree of the superior court so holding is correct and will be affirmed accordingly. *Decree affirmed.*