(No. 44455.

(No. 44526.

DEE-EL GARAGE, INC., Plaintiff, v. BERNARD J. KORZEN, County Treasurer, *et al.*, Defendants.

LOUIS LEADER, Appellee, v. PATRICK J. CULLERTON *et al.*, Appellants.—CHICAGO TITLE & TRUST CO. *et al.*, Appellees, v. PATRICK J. CULLERTON *et al.*, Appellants.

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

KLUCZYNSKI and GOLDENHERSH, JJ., dissenting.

PRICE, CUSHMAN, KECK & MAHIN, of Chicago (ROBERT S. CUSHMAN and JOHN M. BETTS, of counsel), for plaintiff.

SCHIFF, HARDIN, WAITE, DORSCHEL & BRITTON and JENNER & BLOCK, both of Chicago (JAMES B. O'SHAGHNESSY, KEITH BODE, ROBERT C. KECK, JR., and AARON J. KRAMER, of counsel), for intervening plaintiffs Pepsi Cola General Bottlers, Inc. and Nabisco, Inc.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JR., JAMES A. ROONEY and HENRY A. HAUSER, Assistant State's Attorneys, of counsel), for defendants.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JR., JAMES A. ROONEY and HENRY A. HAUSER, Assistant State's Attorneys, of counsel), for appellants.

LOWELL MYERS, of Chicago, for appellee Louis Leeder.

D'ANCONA, PFLAUM, WYATT & RISKIND, of Chicago (MAURICE A. RISKIND, JACOB M. SHAPIRO and MERRILL A. FREED, of counsel), for appellees Chicago Title & Trust Co. *et al.*

ARVEY, · HODES & MANTYNBAND, of Chicago (SIDNEY R. ZATZ and HERMAN SMITH, of counsel), for appellees Monroe Properties Corporation and State & Madison Property Co.

MR. JUSTICE RYAN delivered the opinion of the court:

These consolidated cases involve the constitutionality of section 26 of the Revenue Act of 1939, as amended. (Ill.Rev.Stat. 1969, ch. 120, par. 507.) Dee-El Garage, Inc., a ·lessee of improved real estate owned by Northwestern University, was granted leave to file an original action for declaratory judgment and injunction in this court challeng-

ing the constitutionality of section 26. Subsequent thereto, Pepsi-Cola General Bottlers, Inc., and Nabisco, Inc., also lessees of real estate owned by Northwestern University, were granted leave to intervene. The constitutionality of this section of the Act was also raised in the circuit court of Cook County in Chicago Title & Trust Co. v. Cullerton consolidated with Leader v. Cullerton. After we had granted leave to Dee-El garage, Inc., to file its original action, the circuit court of Cook County declared section 26, as amended, unconstitutional. The State's Attorney of Cook County on behalf of the defendants in those two cases appealed to this court. The plaintiffs in those cases are lessees of real estate owned by the Chicago Board of Education and Garrett Biblical Institute. These cases have been consolidated in this court with the original action filed herein. It is stipulated that no question is raised as to the tax-exempt status of Northwestern University, Chicago Board of Education and Garrett Biblical Institute.

Prior to the amendment of section 26 in 1969 said section provided:

"When real estate which is exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the real estate taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee thereof, or his assignee, as real estate." (Ill.Rev.Stat. 1967, ch. 120, par. 507.)

Although at common law a leasehold interest was considered to be a chattel and not real estate, this court has held that it is within the power of the legislature to declare a leasehold interest to be real estate for the purposes of taxation. (*City of Chicago v. University of Chicago, 302 Ill. 455, 458.*) The statutory authority to tax a leasehold interest in tax-exempt real estate has been sustained on numerous occasions. (*People v. International Salt Co., 233 Ill. 223; City of Chicago v. University of Chicago; People ex rel. Paschen v. Hendrickson-Pontiac, Inc., 9 Ill.2d 250; People ex rel. Korzen v. American Airlines, Inc., 39 Ill.2d 11; People ex rel. Kucharski v.*

*TWA, Inc., 43 Ill.2d 174.*) In *American Airlines* the method to be used in determining the assessed value of such a leasehold under section 26 as it then existed was defined. 39 Ill.2d at 18 and 19.

In 1969 the General Assembly amended section 26 of the Revenue Act of 1939, following which amendment said section read as follows:

"When any real property which for any reason is exempt from taxation or is for any other reason not taxed under the provisions of this Act is leased, loaned, or otherwise made available to and *used* by a private individual, association or corporation for a *use* which is not otherwise exempt under the provisions of Section 19, *that use is subject to taxation* to be paid by the lessee or occupant thereof in the same manner and to the same extent *as though the lessee or occupant were the owner of the property.* The taxes shall be assessed to the lessees or occupants of that property and collected in the same manner as herein provided, excepting, however, that such taxes do not become a lien against the exempt real property. When due, the taxes under this Section constitute an actionable debt and upon collection the proceeds shall be distributed as provided in Section 280." (Ill.Rev. Stat. 1969, ch. 120, par. 507, effective September 16, 1969.) (Emphasis added.)

After the effective date of the amendment to section 26, the leasehold interests of the lessees involved in the cases under consideration were assessed to the lessees at the fair market value of the real estate. It is urged that section 26 as amended is invalid.

The validity of the 1969 amendment must be determined under the 1870 constitution and not under the provisions of the 1970 constitution which became effective July 1, 1971. (*People ex rel. Cairo and St. Louis R.R. Co. v. Trustees of Schools, 78 Ill. 136.*) Under the 1870 constitution we find the authority to tax conferred upon the General Assembly by section 1 of article IX, which provided:

"The general assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that

every person and corporation shall pay a tax in proportion to the value of his, her or its property \*\*\*; but the general assembly shall have power to tax [certain named occupations] and persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates."

The General Assembly was thereby given authority to tax three types of taxable interests: (1) Property on an *ad valorem* basis; (2) certain occupations, and (3) ownership and use of franchises and privileges. The lessees in these consolidated cases have leveled a two-pronged attack on the constitutionality of amended section 26. They contend that the tax provided for thereunder is, under the provisions of section 1 of article IX, either a property tax, or a use tax (tax on the ownership or use of franchises and privileges). If it is a property tax, they contend that it violates the provision of section 1 of article IX which requires that a property tax be levied "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." This violation they find in the provision of amended section 26 italicized above which provides that the use of property be taxed to the same extent "as though the lessee or occupant were the owner of the property."

If the tax is considered a use tax, they contend that amended section 26 violates section 13 of article IV of the constitution of 1870 which provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." The lessee's specific objections in this regard will be discussed later.

It is the position of the State's Attorney representing the Cook County officials that the tax is not a use tax but is a property tax, and he addresses his efforts to sustaining the constitutional challenge to the amendment as a property tax. We need not be concerned with the validity of the tax as a property tax because it is clearly a use tax.

First, the clear language of the amendment declares

that a use tax is being imposed. The italicized part of the amended section 26 set out above states: *"that use is subject to taxation."* Nowhere does the amendment state that the tax is on a leasehold estate or a property interest, whereas section 26 before the amendment plainly indicated that it was the leasehold estate that was the subject of the tax. Ill.Rev.Stat. 1967, ch. 120, par. 507.

Second, this amendment is strikingly similar to the language of a Michigan statute (6 Mich. Stat. Ann., 1950 (Supp. 1957), sec. 7.7(5) and (6)) which the Michigan Supreme Court in *United States v. City of Detroit, 345 Mich. 601, 77 N.W.2d 79,* held not to be a tax on property but a tax on the lessee's privilege of using the property. The United States Supreme Court affirmed this decision in 355 U.S. 466, 2 L.Ed.2d 424, 78 S.Ct. 474, holding the tax to be a tax on the beneficial use of property or a use tax as distinguished from a tax on the property itself. As stated above, the language of our statute is strikingly similar to the Michigan statute. However, the General Assembly inserted in our statute "that use is subject to taxation." These words were not in the Michigan statute which both the Michigan and the United States Supreme Courts construed to impose a use tax. With the addition of these words to those in the Michigan statute there can be no doubt that the amendment to section 26 imposed a tax on the use of the property by lessee.

This brings us back to the lessees' contention that as a use tax amended section 26 violates section 13 of article IV of the constitution of 1870, which contention we find to have merit.

That portion of section 13 of article IV set out above imposes two related but distinct requirements upon legislative enactments: (1) the subject of an act must be expressed in its title and, (2) a single act may not embrace more than one subject.

The Revenue Act of 1939 clearly relates to the assessment, levy and collection of taxes on property. The

Act is entitled "An Act to revise the law in relation to the assessment of property and the levy and collection of taxes, and to repeal certain Acts herein named." "Taxes" as used in the Act is defined in section 1(11) (Ill.Rev.Stat. 1969, ch. 120, par. 482 (11)) to mean: "Any tax, special assessments or costs, interest or penalty imposed upon *property.*" (Emphasis added.) The Revenue Act of 1939 does not express in its title the purpose of imposing a use tax or a tax on the use of tax-exempt property. Elsewhere in the chapter on revenue are found provisions relating to use taxes: "An Act in relation to a tax upon the privilege of using tangible personal property in this State" (Ill.Rev. Stat. 1969, ch. 120, par. 439.1 *et seq.*); "An Act to impose a tax upon the privilege of using, in this State, property acquired as an incident to the purchase of service from a serviceman (par. 439.31 *et seq.*); "An Act in relation to a tax upon the privilege of using cigarettes in this State" (par. 453.31 *et seq.*).

We will consider later the requirement of section 13 of article IV that an act not embrace more than one subject. First, however, we observe that, to comply with the requirement of section 13 of article IV that the subject of the act must be expressed in the title thereof, the amendment to section 26 would have had to amend the title to the Revenue Act of 1939. The original purpose of the Act, as stated in the title, related to the assessment, levy and collection of taxes on property. The amendment injected into the Act a new and different subject not embraced in the title to the Act without amending the title to include the same. For this reason we find that the amendment to section 26 is invalid.

This court has held that amendatory provisions that are not germane to the subject expressed in the title of the original act are unconstitutional unless the title to the act is also amended. (*IBM Corp. v. Department of Revenue, 25 Ill.2d 503, 507;* see also 1 J. Sutherland, Statutes and Statutory Construction, sec. 1908, pp. 346-347 (3d ed. F.

Horack, Jr. 1943) [hereinafter cited as Sutherland].) Also in *Johnson v. Daley, 403 Ill. 338,* and *Stolze Lumber Co. v. Stratton, 386 Ill. 334,* this court held amendments to tax acts invalid for introducing into the acts, through the amendments, subjects not encompassed in the original titles, without also amending the titles of the acts.

On the other hand this court has approved amendments to acts to include matter not embraced in the original titles provided the titles were also amended to encompass the new matter. *People ex rel. Gutknecht v. City of Chicago, 414 Ill. 600; Zisook v. Maryland-Drexell Neighborhood Redevelopment Corp., 3 Ill.2d 570.*

We likewise find that the amendment to section 26 violates the other requirement of section 13 of article IV that a single act not embrace more than one subject.

The legislature may choose to express the subject of an act in a general title, in which event any number of provisions which may be necessary to effectuate the purpose stated may be included therein or added thereto by amendment. (*Sutter v. People's Gas Light and Coke Co., 284 Ill. 634.*) If the legislature chooses to restrict the title of an act so that it covers only a particular branch of a general subject, provisions not within that particular branch, though germane to a general subject, cannot be sustained as within the scope of the title. *Stolze v. Lumber Co. v. Stratton.*

The general test to be applied in determining whether the inclusion in the act of various provisions violates the constitutional prohibition against plurality of subject matter is that of determining whether the various provisions are germane to the subject expressed in the title, or, if multiple purposes are expressed in the title, whether they are germane to each other. (*People v. Mahumed, 381 Ill. 81, 83.*) "The constitution is complied with if the various provisions relate to, and are a means of carrying out the general purpose of the enactment." (Sutherland, sec. 1711, p. 303; *Sutter v. People's Gas Light and Coke*

*Co.*) "[I] f a provision tends legitimately to accomplish the general objects of the act, such provision does not violate the constitutional requirement that no act shall embrace more than one subject ***." (*People v. Chicago Transit Authority, 392 Ill. 77, 91.*) The constitutional prohibition prevents the inclusion in one act of "discordant provisions that by no fair intendment can be considered as having any legitimate relation to each other." *People ex rel. City of Chicago v. Board of County Commissioners, 355 Ill. 244, 247; People ex rel. Gutknecht v. City of Chicago.*

Plainly, the amendment to section 26 adds new subject matter to that expressed in the title of the Revenue Act of 1939 which covers only the subject of the assessment, levy and collection of taxes on property. By incorporating in the Act, through the amendment, a use or privilege tax on the use of tax-exempt property, the legislature has introduced a separate and distinct tax that does not tend to legitimately accomplish the ends of the original act. It therefore violates the prohibition of plural subject matter of section 13 of article IV of the constitution of 1870.

For these reasons, we declare the 1969 amendment to section 26 of the Revenue Act of 1939 invalid.

The State's Attorney has suggested that in the event we hold amended section 26 unconstitutional, we should hold the original section 26 to have been continuously in effect and that the defendants be thereby authorized to impose a "back tax" on the property involved under sections 220-222 of the Revenue Act of 1939. (Ill.Rev. Stat. 1969, ch. 120, pars. 701-703.)

The 1969 amendment to section 26, being unconstitutional, was invalid and wholly inoperative. The effect of enacting an invalid amendment to a statute is to leave the law in force as it was prior to the adoption of the amendment. (*Fiorito v. Jones, 39 Ill.2d 531; People ex rel. Barrett v. Sbarbaro, 386 Ill. 581; People v. Schraeberg, 347 Ill. 392.*) Accordingly, the provision  for taxing leasehold

interests in tax-exempt property as contained in section 26 before the 1969 amendment remains in force and, in fact, was never repealed or replaced by the invalid amendment.

As to the authority of the taxing officials to now impose a "back tax" on the leasehold interests, we do not consider this issue to be properly before the court. The assessment officials authorized to assess property under the sections relied on by the State's Attorney have not assessed or attempted to assess the leaseholds involved as omitted property under the authority of these sections. Therefore, the imposition of the tax by the use of the procedures outlined therein is an event which may or may not occur. No actual controversy exists on this issue and we will not render an opinion thereon.

Where there is no real question involving actual interests or rights for a court of review to consider, the court should not review the case and render an opinion merely for the purpose of establishing precedent. *Siefferman v. Johnson, 406 Ill. 392; LaSalle National Bank v. City of Chicago, 3 Ill.2d 375.*

The State's Attorney contends that the cases instituted in the circuit court of Cook County were not properly brought as class actions. We do not agree. These cases were brought by lessees of tax-exempt property purporting to represent a class of other such lessees. The plaintiffs and the other members of the class are directly affected by the unconstitutional provisions of the amendment. All members of the class to which plaintiffs belong have a common interest in the constitutional question, in that the declaration of the invalidity of the amendment affects them all identically by releasing them from the tax assessments. (*Johnson v. Halpin, 413 Ill. 257; Fiorito v. Jones.*) "[A] basic criterion is a community of interest in the subject matter and the remedy" (*Harrison Sheet Steel Co. v. Lyons, 15 Ill.2d 532, 537*), which we find to exist in this case.

The circuit court of Cook County decreed the

amendment to be invalid and enjoined the defendants from proceeding thereunder. The decrees permitted the defendants, pending the appeal and final disposition of the cases, to collect taxes levied on the assessments, provided all such taxes so collected be segregated and held in a special fund subject to further order of the court. The decrees of the circuit court of Cook County in Chicago Title & Trust Co. v. Cullerton and Leader v. Cullerton will be affirmed and the causes remanded to that court for a determination of the disposition of the fund accumulated under the decrees.

In the original action instituted in this court the prayer of the complaint is granted and the amendment to section 26 is declared invalid. The Cook County assessor, clerk, and treasurer are enjoined from assessing, extending or collecting taxes thereunder.

*No. 44455.—Injunction granted.*
*No. 44526.—Affirmed and remanded, with directions.*

MR. JUSTICE KLUCZYNSKI, dissenting:

I must dissent from the majority opinion which construes the taxation of a leasehold estate in real property under section 26 of the Revenue Act of 1939, as amended (Ill.Rev.Stat. 1969, ch. 120, par. 507), to be a use tax and thus unconstitutional. Ill. Const. (1870), art. IV, sec. 13.

While the majority admits that the General Assembly possesses the authority to tax a leasehold interest as real estate, they arrive at their conclusion that the tax in question is a use tax by isolating and dissecting section 26, as amended, from the remainder of the Revenue Act and overemphasizing the words "use" and "used" contained therein.

This construction ignores the well-established principles of statutory construction which we are required to consider. Initially we must look to the entire Revenue Act of 1939, as amended, to determine the legislative intent

which is of paramount importance. (*People ex rel. Nelson v. Olympic Hotel Building Corporation, 405 Ill. 440, 444.*) We cannot construe a provision in a vacuum. Secondly, we are required to construe a legislative enactment to be constitutionally valid if such an interpretation is reasonably possible. *Continental Illinois National Bank and Trust Co. v. Illinois State Toll Highway Com., 42 Ill.2d 385, 389-90.*

The majority has ignored section 13 of the Revenue Act of 1939, as amended (Ill.Rev.Stat. 1969, ch. 120, par. 482(13)), which specifically defines real estate, in part, by providing: *"Not only the land itself \*\*\* but also \*\*\* all rights and privileges belonging or in anywise pertaining thereto \*\*\*."* (Emphasis added.)

It is apparent to me, after the majority has conceded the legislative power of the General Assembly to classify a leasehold as real estate for the purpose of taxation, that the legislature has in fact done so by clearly defining real estate as "\*\*\* all rights and privileges belonging or in anywise pertaining thereto \*\*\*." This definition includes the leasehold interest contained in section 26, as amended.

In view of our rules of statutory construction and the entire Revenue Act of 1939, as amended, I am constrained to hold that the tax in question is an *ad valorem* property tax. This position is further fortified by this court's decision in *City of Chicago v. University of Chicago, 302 Ill. 455,* wherein a leasehold under section 60 of the Revenue Act of 1872 (Hurd's Stat. 1921, ch. 120, par. 60)—the predecessor to section 26—was declared to be real estate for the purpose of taxation.

Having so determined, I would dispose of the remaining issues, which the majority did not consider, in the following manner.

The paramount complaint of the plaintiffs and intervenors here to section 26, as amended, is directed to the change in the method of the valuation of the property interest to be taxed rather than the right to tax. They fail

to recognize that unlimited power resides with the General Assembly to determine the base and method by which property may be valued for tax purposes barring a constitutional infringement. *Anderson v. City of Park Ridge, 396 Ill. 235, 244.*

Among the several contentions of invalidity urged by the plaintiffs and intervenors, several are predicated on constitutional grounds. Initially they argue that section 26, as amended, is violative of section 13 of article IV of the constitution of 1870 in that the Act contains more than one subject and that the amendment is not reflected in the title thereof. It is apparent that the section as amended refers to and governs solely the taxation of real property. Since a leasehold is real property for purposes of taxation under amended section 26, the constitutional prohibition which is asserted is erroneously applied.

It is further argued that the valuation of the leasehold interest of the plaintiffs and intervenors is violative of section 1 of article IX of the constitution of 1870 in that it is based upon the value of the property of the fee owners rather than upon the value of their leases.

This is not so. In *United States v. City of Detroit, 355 U.S. 466, 2 L.Ed.2d 424, 78 S.Ct. 474,* in sustaining a decision of the Supreme Court of Michigan, the United States Supreme Court upheld the imposition of a tax on the lessee's right to use tax-exempt government property at a value equal to the property used, stating, "Other things being the same, it seems obvious enough that use of exempt property is worth as much as use of comparable taxed property during the same interval. In our judgment it was not an impermissible subterfuge but a permissible exercise of its taxing power for Michigan to compute its tax by the value of the property used." 355 U.S. at 470, 2 L.Ed.2d at 427.

As in the *Detroit* case, the tax imposed by section 26, as amended, is not a tax upon or measured by the value of the property of another but rather is imposed upon the

value of the leasehold interest for the taxing period in question. It creates no inequalities among those so taxed, for each is taxed uniformly for the period in question.

Plaintiffs and intervenors contend in this cause that section 26, as amended, is retroactively applied to their leases, which were entered into prior to the effective date of the amendment, without the demonstrative requisite intent of the General Assembly. However, a taxpayer has no vested right in a taxing statute and therefore cannot rely upon the continuation of the rate or basis of tax into the future. (*Wessler v. Mud Creek Drainage Dist., 300 Ill. 350;* 16 C.J.S., Constitutional Law, sec. 240(a).) There has been no attempt by the General Assembly to assess and levy a tax antedating the effective date of the amendment in question. It is prospective in application only and the General Assembly cannot be precluded from revising the method of taxation of the taxpayer in the future which may alter the rate or basis of taxation.

Finally, they urge that the amendment is vague and that the statute is incomplete in that it provides no method for ascertaining or collecting this use or privilege tax. The tax imposed on leaseholds, pursuant to section 26, as amended, is a tax upon real property and is clear and· unambiguous, and all provisions relating to the assessment and collection of these taxes are contained within the Revenue Act of 1939.

The imposition of a tax upon leaseholds of an otherwise tax-exempt fee, based upon the value of the property itself for the taxing period, lies within the power of the General Assembly, and the plaintiffs and intervenors have failed to establish any constitutional violation of the exercise of this power. Therefore I would hold that section 26 of the 1939 Revenue Act, as amended, is valid.

MR. JUSTICE GOLDENHERSH joins in this dissent.·